# Hart, Appellant, *v.* Anderson.

*Ground rents—Definition.*

A ground rent is an estate of inheritance in the rent, while the owner of the land has an estate of inheritance in the land out of which the rent issues. Each is the owner of a fee simple estate. The one is incorporeal, the other corporeal.

*Ground rent—Mortgages—Notice by owner of ground rent to mortgagee not to release—Affidavit of defense.*

Where land bound by a mortgage is divided into lots, and the lots are subsequently sold with a ground rent reserved upon each, and thereafter

a scire facias is issued upon the mortgage, an affidavit of defense to the scire facias filed by an owner of one of the ground rents, is insufficient if it avers that other lots had been released from the lien of the mortgage, but fails to aver that notice had been given to the mortgagee not to release.

It is the duty of the holder of a junior incumbrance, if he intends to claim an equity through a prior incumbrance, to give the holder notice, so that he may act with his own understandingly, and if he fails to do so, the consequences of his neglect must be visited on himself.

Argued Jan. 16, 1901.   Appeal, No. 298, Jan. T., 1900, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1900, No. 991, refusing rule for judgment for want of a sufficient affidavit of defense in case of I. Wilfred Hart, Assignee of the Poughkeepsie National Bank, v. Robert Anderson.   Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are fully stated in the opinion of the Supreme Court.

*Alexander Simpson, Jr.*, with him *Francis Shunk Brown*, for appellant.—The defendant is not even a terre-tenant of the portion of the property out of which his ground rent issues, though he indorses his affidavit so: Hulett v. Mutual Life Ins. Co., 114 Pa. 142.

Even if he were a terre-tenant, as he has not been made a party to the suit, or given leave to intervene, he cannot be permitted to file an affidavit of defense.   Such filing is a nullity: Hobson v. Webster, 9 W. N. C. 206 ; Dutill v. Sully, 9 W. N. C. 573.

Even if he were a terre-tenant, and allowed also to intervene and defend, the affidavit is defective, in that no notice was given not to release : Taylor v. Maris, 5 Rawle, 51 ; McIlvain v. Mutual Assurance Co., 93 Pa. 30 ; Snyder v. Crawford, 98 Pa. 414 ; Turner v. Flenniken, 164 Pa. 476 ; Hemperley v. Tyson, 170 Pa. 394.

No paper-book was filed, or argument offered for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 25, 1901 :

Robert Anderson, the defendant, being the owner of two pieces of land in the thirty-fourth ward of the city of Philadelphia, mortgaged it to the Poughkeepsie National Bank, to secure the payment of $24,000. The mortgage is dated October 3, 1898, and was recorded October 6, 1898. Anderson subsequently divided one piece of the land into thirty-three building lots, which he conveyed on October 5, 1898, by separate deeds to Lewis Fodell, reserving a ground rent on each lot. On the same day Fodell conveyed the lots, subject to the ground rents, to B. L. Neiman, who at once began the erection of a brick building on each lot. On May 5, 1899, Anderson granted and assigned to Edward M. Harris, who made and filed the affidavit of defense in this case, the yearly ground rent of $84.00 issuing out of one of the lots. The Poughkeepsie National · Bank released from the lien of the mortgage eleven of the lots prior to May 5, 1899, and fifteen of the lots and the other piece of land subsequent to that date. The bank assigned the balance due on the mortgage to I. Wilfred Hart on August 16, 1900, who released two other lots from the lien of the mortgage.

Hart, as the assignee of the bank, issued a scire facias on the mortgage against Anderson, the mortgagor, only. Anderson did not appear, but Edward M. Harris did appear and filed an affidavit of defense. The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, which rule was discharged. He appeals, and assigns for error the action of the court in discharging his rule for judgment. Harris avers in his affidavit of defense that the bank had full knowledge of his ownership of the $84.00 ground rent at the time it was conveyed to him, and that Hart also knew the fact prior to the time he took the assignment of the mortgage. He, however, does not aver that, at any time, he gave the holder of the mortgage notice that he was the owner of the ground rent and requested him not to release other lots from the lien of the mortgage: He further avers that out of certain of the lots released from the lien of the mortgage by the bank, ground rents issued which, at the date of the releases, were owned by Anderson; that Anderson was the owner of the other piece of the two original pieces of the land at the time

it was released from the lien of the mortgage, and that the lots released were of sufficient value to have paid the entire mortgage indebtedness. Harris therefore claims that the releases of the lots by the holder of the mortgage discharged its lien upon the lot out of which issues the ground rent owned by him. No reasons appear of record why the court below refused to declare this affidavit of defense insufficient, and no counsel appeared in this court to sustain its action. On the other hand, counsel for the appellant have assigned numerous reasons why the court below erred in declining to enter judgment against Anderson. We are of opinion that the affidavit of defense is insufficient.

The nature of a ground rent in Pennsylvania is well settled by numerous decisions. It is held to be an estate of inheritance in the rent, while the owner of the land has an estate of inheritance in the land out of which the rent issues. Each is the owner of a fee simple estate. "The one is incorporeal, the other corporeal: " Irwin v. Bank of United States, 1 Pa. 349. Harris, the affiant, therefore, has an estate in fee in the rent issuing out of a part of the land bound by this mortgage, the lien of which is prior to the creation of the ground rent. A sale of the premises on the judgment obtained on the mortgage will divest all liens and estates of every nature subsequently created. Such would be the effect on affiant's claim, if it be a lien as suggested in his affidavit of defense, and the result would be the same if it be an estate: Cadwalader on Ground Rents, sec. 58. In either event we are of opinion that Harris has no standing to contest the plaintiff's claim unless, prior to the release of the mortgage from the different pieces of land, he notified the mortgagee not to release, and cautioned him against doing so to affiant's injury. It has been expressly so ruled in the case of the holder of a subsequently created lien : Taylor's Executors v. Maris, 5 Rawle, 51 ; McIlvain v. Mutual Assurance Co., 93 Pa. 30. The reason of the rule is thus stated in the last cited case, by Mr. Justice STERRETT: " It is the duty of the latter (holder of a junior incumbrance), if he intends to claim an equity through the prior incumbrance, to give the holder notice, so that he may act with his own understandingly ; and if he fails to do so the consequences of his neglect must be visited on himself. While the law makes it the duty of every man to

so deal with his own as not to injure another unnecessarily, it imposes on the latter a greater obligation to take care of his own property than it does on a stranger to take care of it for him. To hold otherwise, would compel the senior incumbrancer to do for the holder of the junior security what in equity and good conscience he ought to do for himself. The doctrine is one of equity jurisprudence, and not of positive law, and hence to affect the conscience of the former he should have actual and not merely constructive notice of the equity claimed by the latter."

With equal force this reasoning applies to the owner of a ground rent created subsequently to the prior lien. While he has an estate in the rent issuing out of the land, he has no estate in the land itself. If he had, his equities would impose upon the prior incumbrancer other and altogether different duties. If he had purchased in fee the lot out of which his rent issues, a subsequent release by the mortgagee of other parts of the real estate without his consent would, under the facts averred in the affidavit of defense, prevent the enforcement of the lien of the mortgage against his lot. But here the title to the land is in the mortgagor's vendee, who occupies the position of a terre-tenant, entitled to notice of the proceedings on the mortgage if he is to be affected thereby, while the ground rent landlord's claim rests solely upon the right to enforce the payment of his rent issuing out of the lot. While an estate, it is true, but only in the rent and enforceable by the usual remedies for the recovery of rents in arrear, and not by ejectment. Its characteristics therefore are not, as against the rights of the mortgagee in this case, such as to impress upon it the nature or properties of a title to the land. Hence its owner does not occupy the same position as to a prior incumbrancer as the owner of the land does, and cannot demand, without previous notice, that his consent be obtained before the mortgagee releases other parts of the premises bound by the mortgage. If he intends to claim an equity through a prior incumbrancer, as said by Justice STERRETT in McIlvain v. Mutual Assurance Co., supra, he should be required to give the holder of the mortgage notice so that he can act understandingly with his own claim. This imposes no hardship on the ground rent landlord, and gives to the mortgagee only

that to which he is entitled by reason of the priority of his incumbrance.

We are, therefore, of opinion that the affidavit of defense is insufficient inasmuch as it does not aver, that prior to the release of the different pieces of land, affiant notified the mortgagee not to release, and neglected to caution him against doing so to the injury of the owner of the ground rent.

The assignment of error is sustained, the judgment is reversed, and judgment is directed to be entered against the defendant and in favor of the plaintiff, for the sum shown to be due by the statement, which is directed to be liquidated by the prothonotary of the court below.