# Meigs, Appellant, *v.* Tunnicliffe.

*Mortgage—Release of portion of mortgaged premises—Discharge of mortgagee.*

Where a mortgagee after a conveyance of the mortgaged premises by the mortgagor, releases from the lien of the mortgage a portion of the premises without the knowledge or consent of the mortgagor, the latter is released from any loss to the mortgagee resulting from a deficiency in the proceeds of a subsequent sale in foreclosure proceedings. In such a case it is immaterial that the deed of the mortgagor of which the mortgagee had no knowledge, was not made subject to the mortgage, and contained a covenant against incumbrances.

Argued Feb. 6, 1906. Appeal, No. 365, Jan. T., 1905, by plaintiff, from judgment of C. P. Delaware Co., March T., 1903, No. 100, on verdict for defendant in case of Arthur V. Meigs v. Sarah Tunnicliffe, nee Sarah Brierley. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Issue to determine the validity of a judgment.    Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.
Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1–10) various instructions.

*John G. Johnson,* with him *George B. Lindsay* and *William B. Harvey,* for appellant.—The mortgagor was not released: Schrack v. Shriner, 100 Pa. 451; Turner v. Flenniken, 164 Pa. 469; Hart v. Anderson, 198 Pa. 558; In re McGill, 6 Pa. 504; Ziegler v. Long, 2 Watts, 205.

*W. B. Broomall,* with him *A. D. MacDade,* for appellee, cited: Robins v. Mayer, 191 Pa. 163; Savings Bank v. Thayer, 136 Mass. 459.

OPINION BY MR. JUSTICE STEWART, March 19, 1906:

Dr. Meigs, here the appellant, was obligee in a certain bond of the sum of $5,500 given by Sarah Brierley, now Sarah Tunnicliffe, the appellee.    The bond was secured by a mortgage executed by Miss Brierley upon certain real estate owned by her in the city of Chester, which she subsequently conveyed to her sister, Mrs. Cooper.    At the instance and the request of the latter, after she became owner of the property, Dr. Meigs released a certain part of the mortgaged premises.    Later on he foreclosed his mortgage; the unreleased premises selling for $3,550.    With a view to collect from Miss Brierley, the mortgagor, the balance of the debt, he caused to be entered a judgment against her on her bond containing a confession.    Upon the defendant's application, in which she represented that the mortgagee, without her knowledge or consent, had released from the lien of the mortgage a certain part of the premises included therein, and that in consequence she was discharged from further liability for the debt, the court opened the judgment for purposes of defense, and awarded an issue to determine the amount remaining unpaid on the mortgage, and whether the defendant had been released or discharged from liability thereon by the conduct of the plaintiff.    It was agreed that the amount due and unpaid was $2,802.26; and but two

questions of fact were submitted to the jury for their determination : first, did the mortgagee, Dr. Meigs, know when he executed a release of part of the mortgaged premises, that the mortgagor was no longer the owner of the mortgaged premises, but had conveyed the same to Mrs. Cooper? and, second, did the said mortgagor in any way give her consent to, or acquiesce in, the release? There could be no dispute with respect to the first of these questions, as the fact of a previous conveyance of the property to Mrs. Cooper was set out in the release. The second was the vital question in the case. The jury, upon what unquestionably was sufficient evidence, found both issues for the defendant, and under the instruction of the court to the effect that if the release was executed without the knowledge and consent of the mortgagor, it operated in law to discharge the defendant from liability, they rendered a verdict accordingly. The assignments of error, thirteen in number, are but so many different ways of challenging the correctness of the court's instruction, and therefore they may all be considered together.

The question resolves itself into one of duty. What duty, if any, did the mortgagor owe to the mortgagee? As she was out of possession, she could do nothing to the prejudice of the mortgagee ; and therefore it may be safely affirmed that she owed no duty to him with respect to the mortgage. What, if any, did the mortgagee owe to the mortgagor? He was her creditor, and held as collateral for the debt the mortgage she had given upon her real estate. She had conveyed the real estate to another, but in the hands of her grantee it was still collateral for the debt. It was in the power of the mortgagee to impair or utterly destroy the security by releasing part or all of the property bond. Such action might or might not be to the injury of the mortgagor, depending wholly upon the understanding or agreement between the mortgagor and her grantee, with respect to the liability for the mortgaged debt as between themselves. When a mortgagee releases property from the lien and operation of the mortgage, it is his own act, for his own purposes, and determined by his own pleasure. Since by doing so he may work serious injury to the mortgagor, the law requires that he exercise caution. He dare not be indifferent to the rights of the mortgagor except at his own cost.

The mortgage is his to hold or dispose of as suits his pleasure; but it is not his to reduce or impair at the expense of the mortgagor. It is not necessary to refine on any established equitable principles in order to deduce a duty resting upon a mortgagee, under such a state of facts, to withhold his hand from any release until he shall have first inquired of the mortgagor whether his interest in the mortgage would be affected by such release. The same principle that charges the holder of a collateral with loss in connection therewith, where such loss results from his own want of care, both suggests and commands it. What we have said does not conflict in the least with the principle that saves harmless the earlier incumbrancer who releases part or all of the mortgaged premises to the prejudice of a junior incumbrancer, except as the latter has imposed upon him a duty to observe his equity by giving him notice of it. Between the earlier and junior incumbrancer there is no privity; they are strangers, neither owing any duty to the other until notice is given; until then the former is not supposed to know of the existence of the latter. To impose upon the earlier the duty of investigating to see whether his act in releasing would prejudice the latter, as said in Schrack v. Shriner, 100 Pa. 451, "would compel the senior to do for the holder of the junior security, or a subsequent vendee, what in equity and good conscience he ought to do for himself." In our case, the question is not between strangers, but between the pledgor and the holder of the pledged security. In the case of incumbrancers, because they are strangers, except as the junior moves to restrain the earlier from releasing the premises, the earlier may do what he pleases with his security; in our case, except as the mortgagor allows it, the mortgagee can do nothing by way of impairment. Therefore it is that the duty of inquiry is not with the mortgagor, who is not the acting party, but with the mortgagee, who to accomplish his own ends proposes to do something which may imperil the property of another in his keeping. If he attempt it without the consent of the mortgagor and to the latter's prejudice, on every principle of justice and equity, he should be held responsible for the consequence.

We take the fact to be as the jury found it, that the mortgagee here made no inquiry of the mortgagor, and that the release was given without her knowledge or consent. That the

release operated to deprive her of a fund upon which she had a right to rely for the payment of the debt, was a fact which, while not expressly found by the jury, seems to have been conceded, since the facts in connection with the mortgage and the subsequent conveyance to Mrs. Cooper, were all recited in the charge to the jury, as the basis of the court's conclusions of law, and no exception was taken thereto.   Assuming, then, that a duty rested upon Dr. Meigs to inquire of Miss Brierley before executing the release, and that he failed in this regard, was there anything shown that would excuse his failure?   It was argued with much earnestness that inasmuch as the mortgaged premises were conveyed by the mortgagor to Mrs. Cooper, not under and subject to the mortgage, but by deed covenanting against incumbances, the mortgagee had a right to assume that the transaction was just as it purported to be, and that the mortgagor had relinquished the mortgage as a means of satisfying the debt.   The argument itself is based on an unwarranted assumption of fact.   It nowhere appears in the evidence that Dr. Meigs knew anything of the covenants in the deed from Miss Brierley to Mrs. Cooper when he executed the release.   The record of the deed was not notice to him ; it could be only to one bound to search for it: Maul v. Rider, 59 Pa. 167.   There is only one aspect in which he could be heard to assert anything with respect to the conveyance and its convenants.   Had he known it, acted upon it, and thereby been misled into executing the release, it might be argued with some, we do not say convincing, force, that in equity the loss under such circumstances should fall upon the mortgagor.   But none of these features appear in the case ; and it is therefore of no consequence as between the parties to this contention what covenants the deed to Mrs. Cooper contained.   That the transaction between Miss Brierley and Mrs. Cooper, whatever the legal effect of the papers with respect to the mortgage, contemplated the mortgage as a continuing security for the benefit of the former, is a fact in the case. The appellant could have learned this fact had he made inquiry of the mortgagor.   He made no such inquiry and therefore by the act of releasing the mortgaged premises he became liable for whatever injury resulted therefrom to the mortgagor.

The exceptions are overruled and the judgment affirmed.