## Land Title Bank & Trust Co. v. Winkelman

*Murdoch, Paxson, Kalish & Green,* for petitioners.

SMITH, P. J., December 24, 1937.—This is a rule to open a judgment entered by confession by plaintiff on December 26, 1935, on a bond given by defendants dated April 1, 1925, for $240,000, conditioned for the payment of $120,000 with interest, which bond was secured by a mortgage of even date between the same parties on a ground rent issuing out of premises 938 Market Street, Philadelphia. The yearly ground rent was in the sum of $11,700 and provided for the payment of the ground rent principal of $195,000 on April 1, 1930, which was subsequently extended to April 1, 1931. The mortgage was recorded in Mortgage Book J. M. H. No. 4491, page 162.

The history of the ground rent is as follows: Defendants conveyed the same to Kadison by deed recorded in Deed Book J. M. H. No. 3102, page 332; Kadison conveyed the same to Cypress Realty Company by deed recorded in Deed Book J. M. H. No. 3219, page 333; and the last named, on April 3, 1931, conveyed it to Title Holding Company by deed duly recorded. All of the above conveyances were under and subject to the mortgage above recited.

While said ground rent was owned by the Cypress Realty Company a written agreement was entered into

between it and the Title Holding Company, and plaintiff, containing the following material provisions and recitals: Realty Company had made due demand for the payment of the ground rent principal on April 1, 1931, and the contracting parties anticipated that payment would not be made. In the latter event, Realty Company was desirous of suing out the ground rent but agreed in so doing to protect the interest of plaintiff as mortgagee. To effectuate the above purpose, Realty Company agreed to assign the ground rent to Title Holding Company which was a subsidiary of plaintiff but none the less a separate and distinct corporation, and Title Holding Company was to sue out the ground rent. The last-named company was authorized to bid up to $200,000 at the sheriff's sale. In case of purchase by an outsider at the bid, Holding Company was to retain $120,000 for payment of the mortgage and pay any sum remaining to Realty Company. In case of purchase by attorneys for the Holding Company the ground rent was to be credited against their bid, if such bid was a substantial amount, but if for a nominal amount the Holding Company was to hold it for the use of plaintiff with a right on the part of the Realty Company to pay the principal debt of the mortgage, to wit, $120,000, within 30 days and then to receive a conveyance of the premises, and in the event of nonpayment within the stipulated period, to surrender all claim to the premises.

As expected, payment of the ground rent principal was not made and the Holding Company instituted an action in assumpsit against the covenantor and the then real owner of the real estate out of which the ground rent issued. Judgment was recovered in the sum of the ground rent principal with arrearages, and the premises were sold to the Holding Company for a nominal bid of $75. Title was so conveyed by the sheriff by deed dated January 18, 1932, and recorded in Deed Book J. M. H. 3445, page 538.

Thereafter the Title Holding Company by deed dated October 30, 1935, conveyed the premises to plaintiff and therein recited that the ground rent had been extinguished by merger and plaintiff agreed to said extinguishment by accepting the deed so drawn. That plaintiff agreed to such extinguishment is also evidenced by the absence of any qualification of the "to have and to hold" portion of the deed.

No foreclosure of the mortgage has been instituted.

Another fact of material importance is that defendants never were consulted and did not give their consent to the extinguishment of the ground rent by the last-mentioned deed to the plaintiff. The question to be decided is the effect of the foregoing facts on the personal liability of defendants under the bond in suit where plaintiff, without their consent, has released or destroyed the security given by defendants for the payment of their bond.

In Hart v. Anderson, 198 Pa. 558, 561, it is said:

"The nature of a ground rent in Pennsylvania is well settled by numerous decisions. It is held to be an estate of inheritance in the rent, while the owner of the land has an estate of inheritance in the land out of which the rent issues. Each is the owner of a fee simple estate. 'The one is incorporeal, the other corporeal:' Irwin v. Bank of United States, 1 Pa. 349."

In Irwin v. The Bank of the United States, 1 Pa. 349, it was held that a tax sale for arrearages with respect to the corporeal fee did not extinguish the ground rent, with the result that the purchaser took subject thereto.

The mortgage held by the plaintiff was on the incorporeal fee and was not a lien on the land out of which the ground rent issued.

When the Title Holding Company acquired title by sheriff's sale, such title embraced only title to the corporeal fee. The sheriff did not purport to convey title to the ground rent which the Title Company already held.

The title acquired did not effect a merger of the ground rent for two reasons: First, it was not the intention of the parties in view of their agreement heretofore recited; secondly, a merger never occurs where there is an intervening estate held by a third party. Such is the ruling in Frank v. Guarantee Trust & Safe Deposit Co., 216 Pa. 40, 52, where it is said:

"It is settled that a ground rent does not merge by the purchase of land out of which it issues by the owner of the rent where there is an intervening estate in, or charge on, the land held by a third party, a stranger to the title to the fee."

Here we have the Title Holding Company taking title to the ground rent under and subject to a mortgage held by plaintiff, a third party to the fee. The ground rent was not sold by the sheriff but the land only. Since he sold the land, the ground rent remained intact, just as in Irwin v. The Bank of the United States, supra, the tax sale did not extinguish the ground rent. However, while the Holding Company could not extinguish the mortgage without the consent of the mortgagee, it could with the mortgagee's consent. This is what was done by its deed to plaintiff, to which plaintiff agreed by accepting the deed, and which extinguishment thereupon became the act of plaintiff.

Plaintiff by extinguishing the ground rent rendered itself incapable of returning the security entrusted to it by the defendants on their payment of the mortgage debt. In Assigned Estate of James Hunter et al., 257 Pa. 32, 35, it is said:

"We entirely agree with the conclusion reached by the court below. Where the mortgagor has parted with his title to the mortgaged premises, a release of a part thereof by the mortgagee, without the knowledge or consent of the mortgagor, will discharge the latter from personal liability for any loss to the mortgagee resulting from a deficiency in the proceeds of a subsequent sale in foreclosure proceedings: Meigs v. Tunnicliffe, 214 Pa. 495,

see opinion by Mr. Justice Stewart. By such release the mortgagee assumes the risk of the unreleased portion of the property being of sufficient value to secure his debt."

In Meigs v. Tunnicliffe, 214 Pa. 495, 497, the rationale of this rule is expressed as follows:

"When a mortgagee releases property from the lien and operation of the mortgage, it is his own act, for his own purposes, and determined by his own pleasure. Since by doing so he may work serious injury to the mortgagor, the law requires that he exercise caution. He dare not be indifferent to the rights of the mortgagor except at his own cost. The mortgage is his to hold or dispose of as suits his pleasure; but it is not his to reduce or impair at the expense of the mortgagor. It is not necessary to refine on any established equitable principles in order to deduce a duty resting upon a mortgagee, under such a state of facts, to withhold his hand from any release until he shall have first inquired of the mortgagor whether his interest in the mortgage would be affected by such release."

In Greater Adelphia B. & L. Assn. v. Trilling et al., 323 Pa. 361, 367, Mr. Justice Maxey said:

"As respects the real security, the land, the mortgagee may not release it or any portion of it from the lien of the mortgage, or otherwise deal with it as between itself and the mortgagor's grantee so as to destroy or impair its value as security for the debt, thus tending to enlarge the mortgagor's personal liability on his bond or original undertaking."

Plaintiff in the present case has destroyed the security; by its act of extinguishment has released all of the mortgaged premises from the lien of the mortgage. It is no answer to say that plaintiff would have arrived at the same result by foreclosing because in that event the defendants would have been served with process and might have protected themselves by refinancing or bidding at the sale. These valuable rights of defendants were precluded by plaintiff's acts.

Therefore the defendants' rule to open judgment should be made absolute.

### Order

And now, to wit, December 24, 1937, the defendants' rule to open judgment is made absolute.