[No. 4827.    Decided April 8, 1904.]

FRANK I. ANDERSON, *Respondent,* v. NEW YORK LIFE INSURANCE COMPANY, *Appellant.*[1]

INSURANCE — RECOVERY OF PREMIUM PAID UNDER FALSE REPRESENTATIONS — PLEADING AND PROOF — VARIANCE.    In an action against an insurance company brought to recover the amount paid as a premium upon a life insurance policy, in which the complaint alleges that the same was obtained through the false

[1]Reported in 76 Pac. 109.

and fraudulent representations of the defendant's agent, wherein the defendant agreed to issue a policy authorizing a certain loan after the payment of two annual premiums, it is not a variance to receive evidence that portions of a sample policy containing no such agreement were read to the plaintiff by the agent, who explained or construed a certain clause thereof to authorize the loan as represented.

TRIAL—OBJECTIONS TO EVIDENCE—REVIEW ON APPEAL. An objection to evidence that it is not relevant and material is insufficient to raise the point that it varies the terms of a written contract, and the supreme court will not consider objections to the evidence unless the precise point is raised below.

ESTOPPEL—PLEADING—FACTS SUFFICIENT WITHOUT CONCLUSION. While an estoppel must be pleaded, it is sufficient to allege the facts from which the estoppel arises, without alleging the conclusion that the party is estopped.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered March 18, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court, a jury being waived. Affirmed.

*Granger & Heifner,* for appellant.

*Shank & Smith,* for respondent.

DUNBAR, J.—This is an action brought by the respondent to recover from the appellant a certain premium upon a policy of life insurance, which premium was paid by the respondent to the appellant. The amended complaint alleges, that the defendant, by its duly authorized agent, solicited the plaintiff to buy life insurance in the said defendant company, and, to induce plaintiff to do so, then and there stated and represented that, for an annual premium of $251.40, to be paid in advance, the company would issue a policy upon the plaintiff's life, under which policy the plaintiff could borrow—assigning the policy as security—the sum of $490, upon the payment of two annual premiums; and that the agent further stated and

promised that, if the policy when issued should not be as
represented, plaintiff might, at his option, return the
policy, and the premium paid would thereupon be re-
funded; that the plaintiff, relying upon the said repre-
sentations, and believing the same to be true, and being
induced thereby and not otherwise, agreed with the de-
fendant, through its said agent, for such insurance, in the
amount of $5,000 accordingly, and thereupon, at the re-
quest of the said agent, paid to the defendant, through
him, the sum of $251.40, as the first annual premium;
that thereafter the defendant issued and tendered to the
plaintiff by mail, as a compliance with the agreement
made through its said agent, a policy upon which the de-
fendant could not loan any sum whatever until three
annual premiums had been paid, and under which at all
times the plaintiff's net outlay, over and above any loan
obtainable by him thereon from the defendant company,
would be many times greater than that represented and
stated to the plaintiff by the defendant, through its said
agent; that the plaintiff believed, and alleged the fact to
be, that the policy tendered to him was that referred to
and contemplated by the defendant, acting through its
said agent, in its said statements and representations to
the plaintiff; but that the said policy did not accord with
the said statements and representations; and, further, that
the said statements and representations were false, and
were wilfully, knowingly, and fraudulently made with
intent to deceive and mislead the plaintiff; that, upon the
receipt of the policy tendered, the plaintiff was informed
by the defendant that the defendant would not make any
loan upon his policy until three annual premiums had been
paid, and the plaintiff forthwith declined to accept the
policy offered to him, and promptly returned the same,

unaccepted, to the defendant, at its home office, and notified the defendant of his refusal to accept the same, and then and there demanded of the defendant repayment of the sum of $251.40, paid by him as aforesaid, but that the defendant failed and refused to pay the said sum, or any part thereof.   Judgment was demanded for the sum of $251.40.

The answer denied that the defendant stated and represented that it would issue to plaintiff a policy upon which the plaintiff could borrow the sum of $490, or any other sum, upon the payment of two annual premiums; denied that it had made any agreement with the plaintiff, except that contained in the application and policy; and alleged affirmatively the application, issuance and delivery of the policy, that the agent, when soliciting said application from the plaintiff, showed and handed to the plaintiff a true and correct sample policy, such as is described in the plaintiff's application, that said sample policy was examined and read by the plaintiff before he executed said application, and that the policy, so delivered by the defendant to the plaintiff, was executed in accordance with the terms and provisions contained in said sample copy.   The reply denies the reading of the sample copy, but admits that what was stated by the agent to be a sample copy of the policy was exhibited to him by the agent, and considerable parts of the policy were read to him by said agent.

A jury was waived, and the cause was tried by the court.   The court found that the soliciting agent, for the purpose of inducing the plaintiff to take the insurance, represented to him that, for an annual premium of $251.40, to be paid in advance, the company would·issue a policy on the plaintiff's life in the sum of $5,000, un-

der which policy the plaintiff could borrow—assigning the policy as security—the sum of $490, upon the payment of two annual premiums in the second part; and that the agent further stated and promised to plaintiff that, if the policy when issued should not be as represented, the plaintiff might, at his option, return the policy, and the premium paid thereupon would be refunded; that the plaintiff relied upon and believed these statements and representations, and was thereby induced to, and did, make application, as solicited by said agent, and, at his request, paid to the defendant, through him, the sum of $251.40, as a first annual premium; that thereafter the company sent the policy to the plaintiff, under which policy the defendant would not loan the sum of $490, or any sum whatever, until three annual premiums had been paid; and the court found that the provision in the policy in regard to the payment was uncertain in meaning and open, especially upon casual reading or hearing by one not experienced in life insurance—as the plaintiff was not—to the construction given by the agent to the plaintiff; that the statements and representations made by the agent were made deliberately, and either falsely and fraudulently with intent to deceive the plaintiff, or else with a reckless disregard of truth and fact, which the agent, as such, was bound to know, and to have known; that, upon the receipt of the policy, when it was ascertained by the defendant that the policy was not such a policy as he had contracted for, he, in prompt course, returned it unaccepted to the defendant, at its home office, accompanied by a written notification of his refusal to accept the policy, and by a written demand for the payment of the sum of $251.40; that the defendant received and retained the policy, and has never returned

or offered to return it to the defendant, and has failed and refused to repay the plaintiff the sum of $251.40, or any sum whatever.

From such facts the court concludes that the defendant was bound and concluded, under the circumstances of this case, by the construction given to the defendant's policy by its agent, and by the plaintiff in turn; that, in consequence, it was the defendant's legal duty, either to carry out the contract as thus construed, or, upon its refusal tu do so, to comply with the plaintiff's demand for the payment of the premium made by him; that the defendant was concluded from claiming its policy was in force by receiving back the policy, when refused and surrendered by the plaintiff, without effort to return the policy, or any action equivalent thereto; that, in consequence, the plaintiff was entitled to judgment against the defendant for the sum of $251.40, with interest from the date of its payment to defendant, and for its costs and disbursements. Judgment was entered accordingly, and an appeal was prosecuted.

It is contended by the appellant that the court erred in permitting the respondent to testify as to what the agent said in explanation of the meaning of the loan clause, printed in the policy; that this testimony was inadmissible, for the reason that it was entirely irrelevant and immaterial, because there is no allegation of any kind or character in the complaint to the effect that the agent misrepresented or misstated the meaning of any clause in the sample policy, and that the testimony was therefore entirely at variance with the allegations of the pleadings; that it was inadmissible for the further reason that the agent was a mere soliciting agent, and was without authority to place a legal construction upon the language

of the policy; the main contention being, that the complaint sets out a cause of action upon a contract, while the evidence fails to show the contract alleged; that the pleadings charged that the insurance company, through its agent, promised and agreed to execute and deliver to the respondent a policy which should provide in its terms that, after the payment of two annual premiums, the assured might borrow the sum of $490 upon the security of the policy alone, while the respondent's testimony— conceding it to be true—shows that the agent showed and correctly read to the respondent a true and correct sample policy, and, in construing it, stated to the applicant that the language in the policy meant that the assured might, after the payment of two annual premiums, borrow $490 upon the security of the policy alone; that this is an action upon a contract to deliver a policy containing a certain provision, whereas the proof of the plaintiff—conceding it to be true—shows that the policy which the company delivered was precisely the same as the sample policy which was read and shown to the applicant, and that, if any wrong was done him, it was by the false and fraudulent expression of an opinion by the agent as to the meaning of a clause contained in the policy; that, if the respondent is, in any action, entitled to recover from the appellant, it must be upon the theory that appellant's agent expressed to the applicant a false opinion as to the meaning of the policy; that there is not in the pleadings a suggestion as to any false expression of opinion by the agent, nor that the agent made any expression of opinion; that, therefore, the complaint alleges one state of facts, to wit, a promise and agreement, on the part of the agent, to deliver a policy containing such provision, while the testimony shows a different state of facts.

It seems to us that this criticism of the complaint is not justified by the language of the complaint itself. The complaint alleges, in terms, that the statements and representations made by the agent were false, and wilfully, knowingly, and fraudulently made with intent to deceive and mislead the plaintiff; and that the policy tendered to him did not accord with the said statements and representations. This issue was met squarely by paragraph 2 of the answer, where it denies that the defendant stated and represented that it would issue to the plaintiff a policy upon which the plaintiff could borrow the sum of $490, or any other sum, upon the payment of two annual premiums, and denies that the defendant made any agreement with the plaintiff, except that contained in the application and policy thereinafter referred to. So that the issues made by the pleadings were the issues tried in the cause, and the testimony adduced follows closely the allegations of the complaint.

The testimony is brief and conflicting, and from its perusal we are not inclined to disturb the findings of fact made by the trial court. As to the objection that the court erred in permitting respondent to testify as to what the agent said in explanation of the meaning of the loan clause entered in the policy, while we are not prepared, by any means, to say that the testimony would not have been admissible under any circumstances, the record in this case shows that no proper objection was made to its introduction. This testimony was certainly relevant and material to the main issue in the case. The only objection to its admission that could have been urged, if any, was on the ground of a variance of the terms of a written contract; it nowhere appears that the court's attention was called to an objection for this reason, and it is due the

trial court that its attention should be called to the specific reasons upon which the challenge is based. The objection should always state the grounds thereof, and should present to the court the precise point relied on by the party objecting. In the language of some of the decisions, the party must lay his finger upon the point of objection. 8 Enc. of Plead. & Prac., p. 23. The appellate court, in examining the question as to whether a ruling of the court below on an objection to evidence was correct or not, will not consider any other grounds of objection to the evidence than those urged in the court below. Id., p. 223. And this has been the universal rule announced by this court. When the objections to the introduction of evidence are not definite enough to call the court's attention to the real ground of inadmissibility, the error cannot be urged on appeal. *Coleman v. Montgomery,* 19 Wash. 610, 53 Pac. 1102. An objection that transactions and conversations between husband and wife were inadmissible in evidence, on the ground of being incompetent, irrelevant, and immaterial, is insufficient to afford ground on appeal to urge the specific objection that the matters testified to were inadmissible as being privileged communications, which one spouse is forbidden to divulge without the consent of the other. *Sackman v. Thomas,* 24 Wash. 660, 64 Pac. 819.

The assignments in appellant's brief are somewhat involved, and several assignments are discussed under one head, so that it is a little difficult to answer them *seriatim.* But the two assignments which we have noticed constitute the main contention in appellant's brief—outside of the assignment that the findings of fact are not warranted by the evidence, which we have before mentioned. It is also contended by the appellant that, because the court

found that the appellant received and retained the policy and never returned it or offered to return it, such was, in effect, a finding upon which the court based an estoppel in its third conclusion of law; and it is objected that it is an elementary proposition of pleading that an estoppel must be pleaded, and that there is no suggestion, either in the complaint or in the reply, of any facts indicating the intention of the pleader to set up an estoppel.  We think that this finding of the court was immaterial, under all the circumstances of the case, and that the judgment of the court would have been warranted in the absence of such finding.  But, in addition to this, we think that, while it is no doubt true that an estoppel should be pleaded, the facts pleaded were sufficient to warrant the court in declaring an estoppel.  It is not necessary for the complaint to allege the conclusion that defendant is estopped, if the acts constituting the estoppel are pleaded.

We think no error was committed by the court in the admission of testimony, in the findings of fact, or conclusions of law, and the judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and MOUNT, JJ., concur.