GRACE HARMON, Respondent, v. THE STUYVE-SANT INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 7, 1913.

1. FIRE INSURANCE: Appraisal: Appointment of Appraiser: Estoppel. Where a fire insurance company makes written demand for an appraisal as provided by its policy of insurance and names therein its appraiser, and thereafter renews its demand, without stating any change in its selection, and the assured then selects his and notifies the company of his selection and readiness to proceed, such assured has a right to treat the appraiser thus selected by the company as the one representing it and an appraisal with him was valid although in point of fact the company had made another selection without notifying the assured.

2. ————: ————: Appraisal: Notice. In an appraisal of the loss by fire where the nature of the property has not been destroyed, it is not necessary to the validity of an appraisal that the appraisers shall notify the assured and the company of the time and place of the investigation; in this respect being different from an arbitration and award.

Harmon v. Insurance Co.

3. ———: ———: ———: ———.    Difference of opinion
among the appraisers examined and held that the bulged and
cracked condition of walls and the condemnation of the build-
ing after inspection, justified the majority appraisement.

4. ———: Appraisal: Valued Policy: Estoppel.    Where a fire
insurance company demands an appraisal under the terms of
its policy, it will not be permitted to reject the appraisement
on the ground that the policy being a valued policy and the
loss being total, did not permit of an appraisement.    After hav-
ing led the assured into an appraisal it cannot be heard to say
one was not necessary.

5. ———: ———: Proofs of Loss: Appraisal.    After an insur-
ance company refuses to agree to the amount of loss under its
policy and on its demand an appraisal is had, resulting in a
finding of more than was claimed in the proofs, its point that
the assured was concluded by the proof of loss will not be
allowed.

6. ———: ———: ———: ———: Rebuttal.    Where
defendant introduces evidence on a certain subject, the plain-
tiff may in rebuttal introduce the same character of evi-
dence and defendant's claim that it is hearsay will not be
allowed.

7. ———: ———: Penalty: Attorney's Fee: Verdict.    The
statute (Sec. 7068, R. S. 1909) authorizes the jury to assess
a penalty and an attorney's fee against an insurance company
for vexatious refusal to pay a loss.    Held, that a verdict for
an attorney's fee, without assessing a penalty, and without a
finding, in words, that there had been a vexatious refusal, was
not invalid.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain*, Judge.

AFFIRMED.

*Sebree, Conrad & Wendroff* for appellant.

(1) Appellant was not a party to the appraisal
and the same was a fraud upon it. (a) Appellant
not a party to the appraisal. McNees v. Ins. Co., 69
Mo. App. 244-5. (b) The appraisal a fraud upon ap-
pellant. Perry v. Ins. Co., 40 S. E. (N. C.) 889; Os-
trander on Fire Ins. (2 Ed.), 593; 2 Cyc. 749; Bis-
phane on Equity (6 Ed.), 312; Dorsett v. Mfg. Co.,

131 N. C. 260, 42 S. E. 612. (2) Plaintiff's appraiser
and the umpire were not competent and disinterested.
James v. Ins. Co., 135 Mo. App. 253; Fowble v. Ins.
Co., 106 Mo. 530; Mason v. Ins. Co., 122 N. W. (S. Dak.)
423; Association Co. v. Hall Bros., 38 So. (Ala.) 853;
Ins. Co. v. Ins. Co., 64 Atl. (Me.) 584; Refrigerator
Co. v. Fire Ins. Society, 91 Minn. 210; Ins. Co. v.
Hegewald, 161 Ind. 638. (3) The method of appraisal
is not in accord with the provisions of the policy of
insurance and the law. (a) No proper sound value
was found. Coffin v. Ins. Co., 142 Mo. App. 295; Con-
tinental Ins. Co. v. Garrett, 125 Fed. 589. (b) No
notice of appraisal was given. Ins. Co. v. Garrett,
125 Fed. Rep. 589; Carlston v. Ins. Co., 94 Pac. (Mont.)
756; Tiffany v. Coffee, 142 Mo. App. 213; Stout v.
Assurance Co., 56 Atl. 693. (c) Instruction on the
issue of mistake. Tiffany v. Coffee, 142 Mo. App.
212. (4) In case of total loss, appraisal provision in
policy void. Marshall v. Ins. Co., 80 Mo. App. 23;
Stevens v. Ins. Co., 120 Mo. App. 88; Carp v. Ins. Co.,
104 Mo. App. 502; Dry Goods Co. v. Ins. Co., 79 Mo.
App. 557; Coffin v. Ins. Co., 142 Mo. App. 297.

*G. W. Barnett* and *Bruce Barnett* for respondent.

No part of the building having been burned be-
yond recognition it was not necessary that the insur-
ance company be notified as to the time and place the
appraisal would be made, no such notice being pro-
vided for in the policy. Notice to or knowledge thereof
by the appraisers is sufficient. This is the uniform
rule, abundantly supported by authority and without
a single court decision in Christendom to the contrary.
Paint Co. v. Ins. Co., 165 Mo. App. 30; Steel Co. v.
Ins. Co., 187 Fed. 730; Norton v. Gale, 95 Ill. 533;
Vincent v. Ins. Co., 120 Iowa 272, 278, 94 N. W. 458;
Townsend v. Ins. Co., 86 App. Div. 323, 83 N. Y. Supp.
909, 911; Ostrander on Fire Ins. Co. (2 Ed.), 261.

ELLISON, J.—Plaintiff was the owner of a two-story brick building in Wichita, Kansas, and on the 22nd of August, 1911, she obtained from defendant a policy of fire insurance insuring the property in the sum of $6000 for a period of five years. The building burned on the 28th of October, 1911. On defendant's refusal to pay the loss, she brought this action for the face of the policy together with the statutory ten per cent penalty and attorney fees. She recovered judgment for the full amount and interest, together with an attorney's fee.

The policy provided that, if in case of fire, the parties could not agree on the amount of the loss, an appraisal should be had, by each party appointing an appraiser and they selecting a third as an umpire, and that "the award in writing of any two shall determine the amount of such loss." This part of the policy was brought into operation by the failure of the plaintiff and defendant to agree, and defendant, through its adjuster, making a demand for an appraisal. This demand was made in writing on the 2nd of November, 1911, wherein was also named one W. C. Martinson as its appraiser. It seems that plaintiff not then having counsel and not realizing the necessity for giving attention to defendant's request, did not answer it, when near ten weeks thereafter, defendant on the 15th of January, 1912, by letter from the adjuster, renewed its demand for an appraiser, enclosing an agreement for submission to appraisers, asking plaintiff to name her appraiser, sign the agreement and return to him. In this letter no change of defendant's appraiser named in the first letter is stated. Plaintiff then employed counsel and on the 23rd of January, 1912, selected one D. R. Alexander as her appraiser and notified the adjuster of her selection by letter, in which she stated that she "had requested him to act with the appraiser named by your-

self (Martinson) in estimating the amount of said loss.''

It seems that Martinson lived in Wichita, and that Alexander, who lived in this State, left Kansas City for that place on the night of the day of his appointment by plaintiff. He arrived there next morning when he called on Martinson. They proceeded to the performance of their duties, first by appointing one Williams, who lived in Wichita, as umpire. They then went to the scene of the fire and began on an estimate of the loss. They figured, measured and discussed, but were not able to agree. Plaintiff's appraiser and the umpire found the ''sound value'' of the building to be $7000 and that it was a total loss. Defendant's appraiser was of the opinion it was not a total loss and that it could be replaced for a sum not exceeding $2500. In this situation an appraisal was made by the two appraisers at $6000, which, as has been stated, was the amount of the insurance.

Defendant attacks the binding force of the award for certain irregularities. It insists the apopintment of appraisers was not proper. It appears that after the adjuster named Martinson in his letter of November 2nd, he afterwards appointed another man. But he did not notify plaintiff of the change and in his second letter of January 15th, gave no intimation of it. Plaintiff, therefore, quite naturally supposed the original appointment stood, especially in view of the fact that when she notified him of the appointment of her appraiser he said nothing of a change in his. In these circumstances Martinson remained an appraiser duly qualified to enter upon an appraisement in the manner directed by the policy.

Defendant also objects to plaintiff's selection of Alexander as her appraiser. But no suggestion made in that respect of his friendship for plaintiff in the least disqualified him. Indeed, the evidence in plaintiff's behalf (which we must accept as true) shows

that defendant's adjuster stated he had no objection to him.

Defendant complains that it was not notified of a time and place of appraisal. No notice was required by the policy. Each appraiser knew the time and place and attended. The property was not in such condition as to require the presence of the parties and unless the appraisers found need of them there was no necessity for giving them notice. [Paint Co. v. Insurance Co., 165 Mo. App. 30, 49; Norton v. Gale, 95 Ill. 533; Vincent v. Insurance Co., 120 Iowa, 272, 278; Townsend v. Greenwich Insurance Co., 83 N. Y. Supp. 909, 911; Am. Steel Co. v. Insurance Co., 187 Fed. 730.] While the courts speak of these proceedings as an arbitration and award, there is an essential difference between an arbitration proper, consisting of the hearing of a case between contesting parties, involving the hearing of testimony and an award thereon, and a mere appraisal of the value of what is lost by one for which the other is to pay. In the former the contesting parties should have notice of the time and place of trial (Tiffany v. Coffee, 142 Mo. App. 210), in the latter it is not expected or required.

Running through defendant's argument there is a suggestion of fraud or unfairness in the selection of plaintiff's appraiser and the umpire, but nothing substantial is shown. So the same remark may be made as to the appraisal itself and the qualifications of the appraisers. In this connection it is proper to remark that in all of defendant's suggestions as to the value of the property and the alleged improper bias of the majority of the appraisers, it has closed its eyes to the fact that it put an insurable value of six thousand dollars, the amount of the appraisal, and fixed its premium on that basis.

The real trouble between the parties is in the amount of the appraisal; and the difference in that respect has arisen over the condition of the building,

or what remained of it after the fire. Allowing that the standing walls were sound and secure, the estimate insisted upon by defendant of $2500 for reinstatement of the building to its former condition, would probably be just. But the majority of the appraisers found the walls to be bulged and cracked so that they considered them unsafe and the building inspector of the city of Wichita thought they should be condemned. We think the effort to show this condition to be unfounded and consequently to show the appraisers were biased and unfair has failed.

There are a number of specific objections made to the rulings of the court at the trial. One is that on the question of fraud in the appraisal, defendant's offer to show what plaintiff paid for the house was refused. A single sale of property is not a good criterion of its value. Another is that the policy required the "sound value" of the property to be found by the appraisers and that they, notwithstanding they certified that they had found it, did not in fact, do so, at least, did not do so in a proper manner. The evidence for plaintiff does not bear out this objection. We think it properly ascertained and find that defendant had that question submitted to the jury in its instruction No. 4.

It is suggested that as the loss was total, there was no ground, in view of our valued policy statute, upon which to base an appraisal and it was therefore void. But defendant fails to consider its own position in regard to this point. It repeatedly demanded the appraisal and (accepting evidence in plaintiff's behalf as true) went through with it to the end. It certainly cannot now, after plaintiff's compliance with its demand and trouble and expense in the matter, be allowed to overturn its own work. In this connection, if we concede that error was committed in giving plaintiff's instruction No. 8, where the jury are told that the policy is a valued policy and that it conclu-

sively fixed the amount of insurance as the amount of
the damages or loss, no possible harm could have re-
sulted to defendant since the sound value of the prop-
erty was found to be more than the insurance and the
loss was found to be total.

It appears that plaintiff had made what is termed
"proof of loss," in which her claim of damage was
stated to be a sum which was less than the amount of
the insurance. These proofs were offered in evidence
and were refused by the court. We do not think they
were proper evidence. Defendant itself had refused
to accept them and demanded an appraisement. In
these circumstances plaintiff was no longer concluded
by her first estimate. It would be manifestly wrong
to permit an insurance company to refuse to agree
with an assured on the question of loss and to demand
an arbitration and then, on account of adverse results,
go back to the assured's estimate. Nor do we think
the difference between the loss stated in the proofs
and the amount awarded was sufficient to have any
weight on the question of fraudulent conduct in the
appraisers.

The record discloses that evidence in rebuttal was
heard in plaintiff's behalf of what the fire warden of
Wichita had said in condemning the standing walls
of the building after the fire, and that he refused a
permit to reconstruct the building to those walls. This
was objected to by defendant on the ground of hear-
say and the objection overruled. It is enough to say
of this objection that defendant had gone over the
same ground with its adjuster when he was on the
witness stand. Defendant's brief suggests that its of-
fense, if offense it be, was not objected to by plaintiff.
We think the point not well made.

Finally it is insisted that error was committed in
permitting the verdict to stand as to the attorney's
fee. The objection is based on the ground that since
the jury did not assess a penalty against defendant

for vexatious refusal to pay the loss, an attorney's fee could not be allowed. The statute (Sec. 7068, R. S. 1909) reads as follows: "In any action against any insurance company to recover the amount of any loss under a policy of fire, life, marine or other insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not exceeding ten per cent on the amount of the loss and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict." It is true that an attorney's fee cannot be allowed against a defendant insurance company unless there has been a vexatious refusal to pay the loss, and the jury were so directed in the instructions; but it does not follow that the jury were compelled to assess the penalty. The statute is that they "may" assess a penalty "and" an attorney's fee. The statute is in the nature of a penalty and it is not essential that the full punishment be inflicted. It is true that vexatious delay was an issue and that the verdict should find on the issues. But, under the instructions, when the jury found for an attorney's fee it was a finding of vexatious delay. If a penalty had also been assessed, the verdict need not have stated in words that vexatious delay was found. The mere assessment of a sum as a penalty would have sufficed; and so with the attorney's fee.

The sharp contest of the case at the trial has made a record with many points of objection. We cannot well make specific mention of all of them; we have, however, given all due consideration and have concluded that no error was committed materially affecting the merits of the controversy and that the judgment was for the right party. It is therefore affirmed. All concur.