[No. 13263.   Department Two.   May 12, 1916.]

EVERGREEN FARM, *Respondent*, v. ATTALIA LAND COMPANY, *Appellant*.[1]

WATERS AND WATER COURSES—IRRIGATION COMPANY—NEGLIGENCE —EXEMPTION BY CONTRACT—PUBLIC POLICY. An irrigation company cannot exempt itself from negligence by contracts for supplying water limiting its liability to cases of gross negligence, as it would be against public policy.

TRIAL—RECEPTION OF EVIDENCE—OBJECTIONS—SUFFICIENCY. An objection to a witness' referring to a memorandum and stating certain items of expenditures, as "incompetent, irrelevant, and immaterial." is unavailing as an objection to testifying to the sums he had actually paid, instead of the sums "reasonably" expended.

DAMAGES—FLOODING LANDS—EXPENSES IN MINIMIZING—MEASURE. In an action for damages to land flooded, and for the expense of pumping to minimize the injury, the true measure of damages as to the pumping is the reasonable cost or value and not the amount disbursed.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered June 14, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort, tried to the court.   Reversed.

*Pedigo & Smith* and *A. E. Gallagher*, for appellant.

*Grosscup & Morrow*, for respondent.

BAUSMAN, J.—Plaintiff's farm is irrigated from the canals of defendant, which is now sued in damages from flooding. These damages are to land and improvements, in removal of a dwelling and baled hay, and lastly in expense of buying at defendant's alleged request, and during several seasons operating, a pumping engine to minimize the injury.   The verdict of the jury, which was general, exceeds the total of the final group of items.

At the threshold we find a written agreement of plaintiff in buying the land that mischiefs of this sort should be

[1]Reported in 157 Pac. 487.

charged against the irrigation company only in case its negligence was gross. On that basis the defendant offered and the lower court rejected instructions, the jury being advised that defendant was liable for ordinary negligence. The lower court was correct. Defendant is a corporation of the public service class, which exercise eminent domain and which, while allowed private profits, exist for public uses. It is clearly subject to the policy that forbids these creatures to exempt themselves from negligence by contract.

Error is assigned on the admitting of proof under the following situation: Plaintiff's witness Loose, having said that he could state the expense of minimizing the damage, was asked:

" 'Refer to any memorandum that you have made yourself and state what you have expended in years 1912, 1913, and 1914 prior to December, 1914.' (Question objected to 'for the reason that it is incompetent, irrelevant, and immaterial.' Objection overruled and exception allowed.")

The witness then answered that he did not have the memorandum after all but could give the amounts, which he then stated, for the purchased engine and for labor and material in the pumping during three years; nor was there other testimony or objection on this head.

The sweeping formula, "incompetent, irrelevant, and immaterial," is generally meaningless. We have had occasion to rule adversely on it before. *Anderson v. New York Life Ins. Co.*, 34 Wash. 616, 76 Pac. 109; *Sackman v. Thomas*, 24 Wash. 660, 64 Pac. 819; *Coleman v. Montgomery*, 19 Wash. 610, 53 Pac. 1102. In this instance, one would say that the objection was merely against referring to the memorandum. Indeed, this may be all that counsel had in mind then, for when the witness did give the data without the memorandum, the objection was not renewed. Yet now it is urged in this court as good against a testifying to sums actually paid, instead of to sums *reasonably* disbursed. This

use of the objection we cannot now sustain.  Nor does *Hunt v. Allison,* 77 Wash. 58, 137 Pac. 322, aid the objector, for we distinctly noted there that the objection was faulty, and that it was in proffered instructions and by moving to take the case from the jury that the objector had properly supplemented it.  That case accordingly came here after opportunity for the lower court to correct error, and we have no precedent for reversal under an objection so ambiguous as this.

The final point is as follows:  The lower court instructed the jury that plaintiff could recover its expense incurred in "his efforts by way of pumping and the installation of machinery for that purpose," without any qualification.  The jury were not advised of the true measure, the reasonable cost or value and not the disbursed amount.  *Torgeson v. Hanford,* 79 Wash. 56, 139 Pac. 648.

To allow mere disbursement is an error particularly plain here in the item of the engine, which plaintiff still has and which presumptively is of value, but the whole price of which he is allowed to get back, while he keeps the machine without deduction of its resale value.  Nor can we say that the lower court was not advised of this point, for the record discloses an exception taken to this instruction, and while the exception does not particularize its grounds, the record does show that the defendant "stated its exceptions" to the lower court and that there was a motion argued for new trial.  It would be going too far to say that this defendant did not afford the lower court an opportunity to revise the error, nor can we adopt the theory that defendant should be reckoned as having acquiesced in faulty proof.  This is not, either, a case of appellant's complaining of what was merely omitted, but on the contrary, of what was erroneously done.

The judgment is accordingly reversed, the verdict ordered to be set aside, and a new trial granted.

Morris, C. J., Main, Holcomb, and Parker, JJ., concur.

## ON PETITION FOR REHEARING.
[Decided July 15, 1916.]

PER CURIAM.—In a petition for rehearing, respondent has offered to remit specific items that were erroneous within our opinion on this appeal; and to this appellant having assented, the cause will not be reversed but will be remanded with instructions to the lower court to enter a judgment in favor of the respondent in the sum of $960.22, as of the date of the original judgment. Costs to the appellant.