[No. 22083.   Department One.   March 7, 1930.]

FRED HARPSTER *et al., Respondents,* v. L. A. KNIGHT *et al., Appellants.*[1]

*Henderson, Carnahan & Thompson,* for appellants.
*William E. Gwynn,* for respondents.

TOLMAN, J.—This is an action for fraud and deceit alleged to have been successfully perpetrated, thereby inducing the plaintiffs to purchase certain real estate at a price in excess of its actual value.  The cause was tried to a jury which returned a general verdict in favor of the plaintiffs in the sum of $1,500.  On stipu-

[1]Reported in 285 Pac. 666.

lation as to certain facts and apparently at the request of the defendants, instead of entering the usual money judgment on the verdict, the trial court directed that a purchase money mortgage given by plaintiffs to defendants to secure a part of the purchase price be reformed by crediting thereon the amount of the verdict, and entered a money judgment for costs only. The defendants have appealed.

The first error assigned is based upon the contention that the form of the judgment changed the action from one at law for damages to an equity proceeding to reform the mortgage, and therefore the cause is triable *de novo* here. We cannot so hold. The issues were purely legal, as distinguished from equitable, and the action was properly tried as a jury cause. After verdict, by consent of and presumably for the benefit of the appellants, the amount of the recovery was credited upon the mortgage, but that did not in any sense change the nature of the action. This was a jury case pure and simple, and it was for the jury to say, under the instructions of the court, that the evidence was of that clear, cogent and convincing character which the law requires. We find from a careful reading of the record that there was sufficient substantial evidence upon the question of fraud and deceit to take the case to the jury.

The second assignment is directed at an instruction which reads:

"In assessing the damages, if any you find, the amount assessed cannot be more than $2,500, which amount the plaintiffs asked. The measure of the damage is the difference between the value of the land as represented and the value the land would be without the spring. In other words, the measure of the damages is the difference between the value of the land as represented and the value of the land as you find it

from the evidence without the spring on January 25, 1926.''

Appellants insist that, by this instruction, the court not only once, but twice, told the jury that the appellants represented to the respondents that the spring was upon the land sold (which was the principal point in issue), and thereby commented upon the evidence in violation of our constitutional provision upon that subject and to the prejudice of the appellants.

But this instruction immediately followed one which correctly advised the jury how it must determine what representations, if any, were made, and that, if it found the spring was represented to be upon the land in question, then the plaintiffs were entitled to recover such damages as the jury believed from the evidence they had sustained. The questioned instruction was followed by other instructions which plainly told the jurors that, if they believed from the evidence that the defendants did not represent the spring to be upon the property, then their verdict must be for the defendants and by the stock instructions that the jurors were the sole judges of the facts in the case and

''The court can have no opinion regarding the facts of the case, however, and anything the court may have said in ruling upon questions of law arising during the trial must not be taken by you as an expression of opinion, or intimation on the part of the court as to the facts of the case, for nothing of that kind was intended. The court's responsibility is with the law and yours with the facts.''

The question as to the representations regarding the location of the spring being the principal issue around which the whole controversy centered, we cannot, in the light of the instructions taken as a whole, conceive of the jury having been in any wise misled by the instruction complained of.

■ The third and last point raised relates to the evidence introduced upon the question of damages. The sale was made in January, 1926, the action was commenced in October, 1928, and the trial was had in December of that year, or nearly three years after the transfer of the property. As we have seen, the court properly instructed the jury that the value of the land without the spring was to be fixed as of January 25, 1926. In examining witnesses upon this subject, counsel did not include that date in his questions, but so framed his interrogatories as to permit of answers based upon the value without the spring at the time of the trial.

No objections were interposed because of the form of these questions and the cross-examination of these witnesses was conducted along the same lines, it. being nowhere suggested that the testimony thus elicited was incompetent. A simple objection would have called the attention of the court and counsel to the situation and would have enabled counsel to so frame his questions as to produce testimony wholly relevant and unobjectionable. Having thus stood by and participated in the error and permitted the case to go to the jury without any suggestion that it was being submitted on improper testimony, we think that appellants ought not now to be permitted to complain.

Finding no prejudicial error, the judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.