[No. 24232.   Department Two.   April 10, 1933.]

PEARL PARKHURST JONES, *Respondent,* v. D. M. McQUESTEN, *Appellant.*[1]

[1]Reported in 20 P. (2d) 838.

*Meier & Meagher* and *Ronald W. Meier,* for appellant.

*Kenneth Durham* and *John J. Kennett,* for respondent.

MAIN, J.—By this action, the plaintiff sought a money judgment for damages. In the complaint, there were three causes of action, separately stated. The first arose out of alleged fraud in a real estate transaction; the second, for failure to deliver personal property, as contracted; and the third, for the breach of a lease. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff upon the first cause of action in the sum of $8,000, upon the second $250, and upon the third $2,725.

The defendant moved for judgment notwithstanding the verdict, and, in the alternative, for a new trial. The motion for judgment notwithstanding the verdict was overruled. The motion for new trial was likewise overruled as to the second and third causes of action. As to the first, an order was entered providing that, if the plaintiff remitted one thousand dollars from that verdict, the motion for new trial as to it would be overruled. The election to remit was made, and judgment was entered in favor of the plaintiff upon the first cause of action for $7,000, upon the second for $250, and upon the third for $2,725, from which judgment the defendant appeals.

The facts are these: The respondent was the owner of two real estate contracts, upon each of which there was a substantial amount unpaid, and a number of lots in the city of Seattle. The appellant owned a lot, sixty by one hundred twenty feet, in the same city, upon which he had erected a garage building, which contained two stories and a basement. After certain preliminary negotiations, the details of which it is not here necessary to set forth, and on August 14, 1930, the respondent and the appellant entered into a written contract for the exchange of the properties. A few days later, and on the 19th of the same month, deeds were exchanged by which the appellant conveyed to the respondent the garage property, and she, in turn, transferred to the appellant the above mentioned properties which she owned. On the same day, the respondent leased the garage to the appellant for a period of two years at a rental of two hundred and fifty dollars per month for the first year and three hundred dollars per month for the second year. The lease was formally signed by the parties, but contained no acknowledgment. The appellant went into possession under the lease.

May 29, 1931, the appellant notified the respondent that he would vacate the premises, thus breaching the lease. In reply to this notice, the respondent informed the appellant that she demanded the fulfillment of the terms of the lease for the entire period. Notwithstanding this, the appellant stood upon his notice to vacate. Upon the second floor of the garage, there were three apartments, and the furniture therein, which belonged to the appellant, was to be transferred to the respondent.

The present action was begun July 21, 1931, for the purpose of recovering damages, as above indicated. In considering the questions presented upon the appeal,

we shall follow the order in which they appear in the appellant's brief.

It is first contended that the court erred in overruling the appellant's demurrer to the third cause of action, which was that for the breach of the lease. The basis of this contention is that the lease, being for a term of two years and being unacknowledged, created only a tenancy from month to month. *Union Oil Co. v. Walker,* 150 Wash. 151, 272 Pac. 64. To that rule, however, there are certain exceptions, one of which is that, where there is a consideration going to the entire term of the lease, it is enforcible even though for a longer period than one year, and unacknowledged. *Matzger v. Arcade Building & Realty Co.,* 80 Wash. 401, 141 Pac. 900, L. R. A. 1915A, 288.

We think this case falls within the exception. The exchange contract expressly provided that the appellant would guarantee the lease for the rental of the basement and first floor of the building for a period of two years at a rental of two hundred and fifty dollars per month for the first year and three hundred dollars per month for the second year. This agreement with reference to a two-year lease was something for which the appellant received a consideration in the transfer of the properties. The trial court did not err in overruling the demurrer to the third cause of action.

It is next contended that the trial court erred in refusing to strike certain testimony of the respondent and direct the jury to disregard it. Upon her direct examination, the respondent was asked the question as to whether she had made any effort to lease the property or procure a tenant. In reply, she said:

"I made every possible effort I could. I never went through so much hell in my life as I did in the last eight months trying to do something with the building. I am broke. I haven't a cent."

The appellant moved that the latter part of the statement be stricken. The court said to the witness: "Just answer the questions that are asked you." While there was no formal direction to the jury to disregard the portion of the answer which was not responsive to the question, the jury, as sensible men and women, would understand that that was what the court meant.

In addition to this, it subsequently appeared in the testimony that the respondent was not broke, but that she had one or two apartment houses in addition to the garage. This having appeared, it would show that the respondent was incorrect in her statement as to being broke, and the natural effect would be adverse to her rather than to the appellant. Even though the respondent's financial circumstances were not a proper thing for the jury to consider, it seems plain that there was no prejudice in this regard.

It is next contended that the court erred in refusing to sustain the objection made by the appellant to hypothetical questions submitted to two witnesses called by the respondent. When the question was asked the first witness, it was objected to as "incompetent, immaterial and irrelevant." When the same question was asked the second witness, the record shows that no objection was made. An objection to hypothetical questions must point out to the court the reason why the question is improper, and an objection based solely upon the ground that the question is incompetent, immaterial and irrelevant is not sufficient. *Evergreen Farm v. Attalia Land Co.*, 91 Wash. 192, 157 Pac. 487; *Wabash R. Co. v. Lewis*, 48 Fed. (2d) 519; *Employers' Liability Assur. Corporation v. Young*, 34 S. W. (2d) (Tex. Civ. App.) 622.

Aside from this, the question, at the time it was asked, was based upon the testimony as it then

stood in the case. The fact that the court subsequently withdrew from the consideration of the jury some of the elements that entered into the question, did not render the question improper at the time it was asked and constitute reversible error. We recognize the rule that a hypothetical question propounded upon direct examination should be based upon the testimony in the case. *Levine v. Barry,* 114 Wash. 623, 195 Pac. 1003. The ruling of the trial court upon the question does not call for a reversal of the judgment.

It is next contended that the court erred in permitting two witnesses to testify as to the reasonable rental value of the property from July, 1931, to August, 1932. But there was no error in this regard. The respondent sought damages for breach of the lease, and these were measured, not by the amount of rent reserved, but by the difference between that amount and the rental value of the premises to the end of the term. In *Brown v. Hayes,* 92 Wash. 300, 159 Pac. 89, it is said:

"It is just as well established as is the general rule that, when a tenant abandons the premises without just cause and refuses to pay rent, the landlord may either treat the term as still subsisting and sue for the installments of rent reserved as they accrue; or, treating the lease as terminated by the tenant's breach, reenter and sue for damages for the breach. Jones, Landlord & Tenant, § 549; *Bradbury v. Higginson,* 162 Cal. 602, 123 Pac. 797. If the landlord pursue the latter course, his damages are measured, not by the amount of the rent reserved, but by the difference between that amount and the rental value of the premises to the end of the term. *Bradbury v. Higginson, supra; Oldfield v. Angeles Brewing Co.,* 62 Wash. 260, 113 Pac. 630, 35 L. R. A. (N. S.) 426."

It is next contended that the court erred in permitting to be answered a question propounded to the

appellant on cross-examination. The scope of the cross-examination, as has been many times said, rests largely in the discretion of the trial court, and this court will not disturb the ruling of that court in the absence of a showing of abuse. There is nothing in this case to indicate that the court abused its discretion in permitting the question to be answered.

It is next contended that there was no evidence to take the case to the jury. In the complaint, there were a number of charges of fraud. When the case was submitted to the jury, these were all withdrawn with the exception of two, one of which was the representation by the appellant to the respondent that the garage building was constructed in such a manner and of such strength that it would carry four additional stories. The respondent testified that this representation was made, and the appellant denied it. False representation as to the carrying strength of a building is actionable, unless a reasonable inspection would disclose that the representation was untrue. *Hunt v. Allison,* 77 Wash. 58, 137 Pac. 322; *Blomquist v. Runkel,* 162 Wash. 362, 298 Pac. 458.

In this case, the building had been constructed by the appellant less than two years prior to the time the exchange of properties between the parties in this case took place. Even though the respondent on several occasions visited the property and looked it over, it cannot be said, as a matter of law, that, in the exercise of reasonable care, she should have discovered that the building did not have a carrying strength for four additional stories. The strength of the building was a matter that was distinctly within the knowledge of the appellant. The building was practically new, and a reasonable inspection of it would not disclose that it did not have the carrying strength represented.

It is said, however, that the respondent did not rely upon the representation, but relied upon her own investigation. But we think the testimony shows expressly that she did rely upon the representation. The respondent said unequivocally that she did rely upon the fact that ''I could add four stories to the building.'' Even though the respondent could have ascertained that the building did not have a carrying strength for four additional stories by examining the plans and specifications in the office of the city building department, she was not required to do so. *Crawford v. Armacost,* 85 Wash. 622, 149 Pac. 31; *Stanton v. St. Michell,* 130 Wash. 449, 227 Pac. 737. The question of whether the representation was made was one of fact for the jury.

It is next contended that the court erred in excluding evidence as to what the appellant paid for the lot upon which the building was constructed approximately two years prior to the time the parties in this case exchanged properties. It may be that, in some cases, the evidence as to what a party paid for property may be some indication of its value at a subsequent time. There was no error in rejecting the testimony offered in this case. 22 C. J. 180; *Harmon v. Stuyvesant Insurance Co.,* 170 Mo. App. 309, 156 S. W. 87; *Crosby v. Kitsap County,* 154 Wash. 212, 281 Pac. 494. Subsequent to the time the appellant acquired the lot and prior to the time the exchange took place between the parties, the depression had come on, which materially affected the value of real estate. In addition to this, the property was not in the same condition as when the appellant purchased it, he having erected in the meantime a substantial building thereon.

The appellant seeks to predicate error on two other rulings of the court in rejecting offered evidence; and,

while these questions have been examined, we do not deem it necessary here to say more than that the court did not err in its rulings in this regard.

It is next contended that instruction No. 3, given by the court, was subject to the objection that it was a comment upon the facts. The portion of the instruction complained of was farther removed from being a comment upon the facts, within the inhibition of the constitution (Article IV, § 16), than was the instruction complained of in *Harpster v. Knight,* 155 Wash. 647, 285 Pac. 666, where it was held that the instruction given, when read in connection with the other instructions, was a correct statement of law.

The appellant also complains of instruction No. 2, but we think the objection to this instruction is answered by what has already been said.

It is finally contended that the trial court, in requiring a reduction of the verdict of one thousand dollars upon the first cause of action, did so for the purpose of curing the error in not striking, and instructing the jury to disregard, the testimony of the respondent to the effect that "I am broke. I haven't a cent." We have been unable to find anything in the record which supports this contention. There is nothing in the order or in the judgment from which such an inference could be drawn, and we do not find it mentioned in any other place. In addition to this, as above pointed out, there was no error committed by the court in failing to expressly strike the testimony and formally instruct the jury to disregard it.

The judgment will be affirmed.

BEALS, C. J., BLAKE, STEINERT, and TOLMAN, JJ., concur.