[No. 1651. Decided February 16, 1895.]

## WASHINGTON CENTRAL IMPROVEMENT COMPANY, *Respondent*, v. GEORGE NEWLANDS, *Appellant*.

### FRAUD — RESCISSION OF CONTRACT FOR SALE OF LAND.

False representation by a vendor of land that he would cause to be erected forthwith on other and adjacent lands a substantial brick hotel, for the construction of which a contract had already been made, although relied upon by a purchaser, does not constitute such deceit as to afford a defense to an action for the purchase price of the land, when the means of information was open to the purchaser as well as to the vendor.

*Appeal from Superior Court, King County.*

*Bausman, Kelleher & Emory*, for appellant.

*Clise & King*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.— The respondent brought suit against the appellant on a contract for the purchase by him of certain lots and upon his notes given for the purchase price. Newlands, the appellant, admitted the making of the notes on the contract, and set up an affirmative defense alleging deceit and false representations. The essential allegations of the affirmative defense were as follows:

" The note and contract hereinabove described were obtained of this defendant by plaintiff by grossly reckless, erroneous, willful and fraudulent representations on plaintiff's part, in this, that the time when defendant was induced to contract for the purchase of the lots above described and sign the note, plaintiff represented to him, with the intent so to induce him, that plaintiff and others were building and were causing to be built on lots within sixty feet of those which defendant was to buy, a substantial brick hotel, to cost not less than

$9,000; that this hotel was to be finished forthwith; that complete contracts had been made for its erection, and that the work was already under way; that, relying upon these representations, defendant entered into the contract and signed the note above described, but neither plaintiff nor others were building or causing to be built on lots within sixty feet of those purchased by defendant, or at all, a substantial brick hotel of any cost whatever, nor have they done so since, nor were there then nor have there since been any contracts complete or at all for the erection, nor was the work under way, nor has it since been begun or put under way, nor was any such structure, or any at all to be finished forthwith at that time or since, but the representations made by plaintiff and all plaintiff's statements as above set forth were false, reckless and erroneous."

Then follow allegations of loss by reason of the fact that these representations were untrue. A demurrer was interposed to this affirmative defense, which was sustained by the court. The appellant, relying upon his answer, refused to plead further. Judgment was entered, and the cause brought here on appeal.

We think there was no error committed by the court in sustaining the demurrer to the answer in this case. The allegations of misrepresentations go beyond the land or the amount or character of the land sold, and relate to improvements which, it is alleged, were to have been made on some adjacent lands. The allegations of the answer, so far as fraud is concerned, are not strengthened by the expression "by grossly reckless, erroneous, willful and fraudulent representations," etc. These are mere conclusions, and the fraud must be shown by specific acts which, as a matter of law, would constitute fraud.

Conceding that these representations were false, and conceding that the purchaser relied upon them, there is not yet enough shown, it seems to us, in this answer

to give the defendant relief.   There is no fiduciary relation between the seller and the buyer alleged.   It is not alleged that the buyer was in such a position that he was unable to make an investigation concerning the truth or falsity of these alleged representations.

So far as the allegations of the answer are concerned, there is nothing to show that the land was not at hand when this contract was made, and that it could not, by the use of ordinary prudence, have been investigated by the purchaser; and in cases of this kind, it seems to us that parties must exercise ordinary business sense, and the faculties which are given to them for the purpose of transacting business; and that they cannot call upon the law to stand *in loco parentis* to them in the ordinary transactions of business and their ordinary dealings with their fellow men.

One of the allegations of this answer is that plaintiff represented to defendant that this building was already in process of erection; that the work was already under way.   The ascertainment of this fact was easy, and there is no circumstance alleged to show that there was any scheme worked upon this purchaser to prevent him from making this examination, or anything of that kind.   The other fact alleged to have been represented, that a contract had been let for the completion of this hotel, was also easily ascertainable.

If people having eyes refuse to open them and look, and having understanding refuse to exercise it, they must not complain, when they accept and act upon the representations of other people, if their venture does not prove successful.   Written contracts would become too unstable if courts were to annul them on representations of this kind.

We think the proper and sensible rule was laid down by the United States supreme court in *Slaughter's*

*Adm'r v. Gerson*, 13 Wall. 379, where it was held that the misrepresentation which would vitiate a contract of sale and prevent a court of equity from aiding its enforcement, must relate to a material matter constituting an inducement to the contract, and respecting which the complaining party did not possess at hand the means of knowledge. It was there held that it was not sufficient that it was a misrepresentation upon which he relied to his injury, but that he must have some excuse other than negligence for relying upon it; that where the means of information are at hand and equally open to both parties and no concealment is made or attempted, the misrepresentation furnishes no ground for a court of equity to refuse to enforce the contract of the parties; that the neglect of the purchaser to avail himself in all such cases of the means of information, whether attributable to his indolence or credulity, takes from him all just claim for relief.

Under the rule there established, and which we are inclined to follow, the demurrer to the answer in this case was rightfully sustained.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.