[No. 12237. Department Two. May 29, 1915.]

## M. D. CRAWFORD et al., Respondents, v. LOU ARMACOST et al., Appellants.[1]

FRAUD—MISREPRESENTATIONS—MATTERS OF RECORD—RELIANCE. A party may rely upon a statement as to a fact made to him by another as a basis for a mutual engagement, where the facts are unknown to him but known to the other and are made for the purpose of inducing a reliance thereon, even though the statement was as to the amount of city assessments against lots, which was a matter of record, the truth or falsity of which could have been ascertained by an inspection of the public records.

FRAUD — MISREPRESENTATIONS — VENDOR AND PURCHASER. A false representation as to the estimate of the cost of a street improvement made to a prospective purchaser is a false representation as to a material fact, and not a mere expression of opinion.

FRAUD — MISREPRESENTATIONS — DAMAGES. Where one purchases property relying on the vendor's false representations that the estimated cost of an assessment thereon for a street improvement would not exceed a certain sum, and the cost was largely in excess, the purchaser would be injured to the extent of the difference between these two sums, regardless of the benefits conferred by the improvement.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered December 29, 1913, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for fraud. Affirmed.

*Hovey & Hale*, for appellants.

*Pruyn & Hoeffler* and *E. K. Brown*, for respondents.

[1]Reported in 149 Pac. 31.

Fullerton, J.—In the latter part of the year 1912, the respondents, Crawford and wife, were the owners of certain farm lands situated in Benton county. At the same time the appellants, Armacost and wife, owned a half block of land in the city of Ellensburg, which contained five lots and on which there were several dwelling houses. At the time named, a proposition was made that the parties exchange properties, and after some negotiations, an exchange was made in January, 1913.

During the pendency of the negotiations leading up to the exchange, the city of Ellensburg was improving the streets in front of the lots, and it was known that the city would levy an assessment on the lots to pay the cost of the improvement. The probable amount of this assessment became a subject of inquiry on the part of the respondents when considering the terms of the exchange, and they were told by the appellants that the estimated amount of the assessment made by the city officers was $319 a lot, or a total of $1,595. The respondents accepted the statement as true, and made the exchange on that basis without further inquiry. Subsequently the city levied an assessment on the property of $3,997.95, and on inquiry the respondents learned that the city's estimate of the cost of the improvement, instead of being $319 per lot or $1,595 for the whole, was $800 per lot or $4,000 for the whole. The present action was instituted by the respondents against the appellants to recover the difference between the estimated cost of the improvement as stated by the appellants and the actual cost of the same.

In their complaint the respondents alleged that the appellants well knew, at the time they made the representations as to the estimated amount of the cost of the street improvement, that such estimated cost was $4,000 instead of $1,595, and that they made such representation with the intent and purpose of defrauding the respondents. Issue was taken on the complaint and a trial had before a jury, which returned

a verdict in favor of the respondents for the amount claimed. This appeal is from the judgment entered on the verdict.

In this court the appellant makes but one contention, namely, that the evidence is. insufficient to justify the verdict. He contends that a misrepresentation as to the estimated cost of a public improvement, although made for the purpose of cheating and defrauding another, and that other is thereby cheated and defrauded, does not furnish a basis for a cause of action; this because, first, the estimate was a matter of record, as much within the opportunity of the one party to know as it is of the other; second, because estimates are mere expressions of opinion, always held to be nonactionable, and third, because there was no injury, since the improvement enhanced the value of the property to the full amount of the assessment levied thereon.

But we cannot agree with these contentions. A party may rely upon a statement as to a fact made to him by another as a basis for a mutual engagement, where the facts are unknown to him but known to the other and are made for the purpose of inducing a reliance thereon, even though the statement is of a fact concerning a matter of public record, the truth or falsity of which could be ascertained by an inspection of the public record. *Gray v. Reeves,* 69 Wash. 374, 125 Pac. 162; *Blum v. Smith,* 66 Wash. 192, 119 Pac. 183; *McMillen v. Hillman,* 66 Wash. 27, 118 Pac. 903; *Wooddy v. Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102; *Daniel v. Glidden,* 38 Wash. 556, 80 Pac. 811; *Grant v. Huschke,* 74 Wash. 257, 133 Pac. 447.

In the case of *Carpenter v. Wright,* 52 Kan. 221, 34 Pac. 798, it is said:

"The contention that no recovery can be had because the incumbrance was a matter of record is not sound. A fraudulent representation, by one who assumes to have personal knowledge, to a purchaser of real estate, that there is no incumbrance thereon, and upon which representation the purchaser relies and acts, to his injury, will sustain an action

for the tort, although the purchaser might have discovered the fraud by searching the public records."

In the second reason given for holding the representation insufficient, counsel doubtless mean to assert that an estimate of the costs of an improvement is what the phrase usually indicates in undetermined matters, namely, a mere opinion as to the ultimate result. But in this state an estimate made by the public authorities of the cost of a street improvement is something more than this. We have held that a city making a public improvement at the expense of abutting owners could not levy an assessment in excess of the estimate required to be made at the initiation of the proceedings. *Chehalis v. Cory*, 54 Wash. 190, 102 Pac. 102, 104 Pac. 768. The representation in this case, therefore, instead of being an immaterial matter was a vital matter, since the party to whom the representation was made would thereby know the ultimate cost to which the property was liable, and could make his deal accordingly. A false representation as to the estimate was, therefore, a false representation as to a material fact, and not a mere expression of opinion.

As to the third reason, it may be true that the property was enhanced in value to the extent of any assessment that could be levied thereon for the cost of the improvement, but it by no means follows that the appellant's false representation of the cost of the improvement could not thereby injure the respondents. Clearly, if the respondents traded on the basis that the assessment on the property would not exceed $1,595, and it actually reached $3,997.95, they are injured to the extent of the difference between these two sums, regardless of the benefits conferred by the improvement.

The judgment is affirmed.

Morris, C. J., Main, Ellis, and Crow, JJ., concur.