[No. 17199.  Department One.  September 6, 1922.]

C. H. KALMANS *et al., Respondents,* v. MARY J. POWLES
*et al., Appellants.*[1]

VENDOR AND PURCHASER (15, 159)—CONTRACT—RECOVERY OF PUR-
CHASE MONEY—FRAUD.  A purchaser is not entitled to recover earnest
money paid on a contract for the purchase of land, on account of
a general statement misrepresenting the amount of the annual taxes
on the property, where it was a matter of record and the purchaser
was a business man and he was not induced to forego an investiga-
tion of the record.

SAME (159)—RECOVERY OF PURCHASE MONEY—FRAUD.  Notwith-
standing the law abhors a forfeiture, earnest money cannot be re-
covered for misrepresentations that the realty was free from in-
cumbrances, where the purchasers were informed of the mortgage
before payment of the earnest money.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered September 21, 1921,
upon findings in favor of the plaintiffs, in an action on
contract, tried to the court.  Reversed.

*James Kiefer,* for appellants.

*H. E. Foster,* for respondents.

TOLMAN, J.—Respondents instituted this action to
recover $500 paid by them as earnest money upon the
purchase of certain real estate.  They alleged, and in-
troduced testimony tending to prove, that three distinct
misrepresentations were made to induce them to pay
the money and accept an earnest money receipt in the
nature of a preliminary contract for the purchase of
the property: first, that the property to be purchased
was free and clear of all liens and incumbrances, when,
in fact, it was subject to a mortgage for $7,500, bearing
interest at the rate of six and one-half per cent per
annum before maturity, and twelve per cent after ma-

[1]Reported in 209 Pac. 5.

turity, which, according to the record, was overdue; second, that the general taxes on the property were $290 per year, while in truth, as appears from the public record, the taxes exceeded $540 per annum; and third, that, if respondents purchased the property, they would be given the first right to buy the household furniture and furnishings then in the residence located thereon, but that upon payment of the earnest money, the household goods were immediately removed, and respondents were denied any right or opportunity to purchase.

The trial court expressly refused to make any findings on the first and last mentioned issues, but found for respondents in the matter of the taxes, and entered judgment against appellants for the full sum demanded, from which judgment this appeal is prosecuted.

The evidence was in direct conflict upon all material points, and as we cannot say that it preponderated against the finding of the trial court to the effect that misrepresentations as to taxes were made, we accept that finding as true, but does that support the judgment?

In the case of *Washington Central Imp. Co. v. Newlands,* 11 Wash. 212, 39 Pac. 366, this court said:

"Conceding that these representations were false, and conceding that the purchaser relied upon them, there is not yet enough shown, it seems to us, in this answer to give the defendant relief. There is no fiduciary relation between the seller and the buyer alleged. It is not alleged that the buyer was in such a position that he was unable to make an investigation concerning the truth or falsity of these alleged representations."

And the same rule was enunciated in *West Seattle Land & Imp. Co. v. Herren,* 16 Wash. 665, 48 Pac. 341. In *Fischer v. Hillman,* 68 Wash. 222, 122 Pac. 1016, 39

L. R. A. (N. S.) 1140, the late Mr. Justice Dunbar, who wrote all three of the opinions here referred to, speaking for the court, said:

"It is earnestly contended by appellants that the demurrers to these complaints should have been sustained; that the plaintiff was in a position to ascertain the truthfulness of the statements and representations made by the defendants; that there was no fiduciary relation existing, and that it was the plaintiff's duty to ascertain the truth or falsity of said statements, and many cases are cited to sustain this rule. It may be admitted that some of the earlier cases decided by this court, notably the case of *Washington Central Imp. Co. v. Newlands,* 11 Wash. 212, 39 Pac. 366, laid down a rule that gives color at least to appellant's contention, and that the language used was broad enough to sustain such contention. But that rule has been mitigated by the later decisions of this court, and, as we view it now, was probably not fully justified by the authorities extant at the time it was announced. It has been supplanted by the more reasonable and humane rule that a party will not be allowed to shield himself because the party with whom he was dealing was careless or too confiding, and that, while the state cannot stand *in loco parentis* to all its citizens, the crafty and designing will not be allowed by cunning artifice tending to deceive the simple minded, to rob them of what justly belongs to them."

In neither of the first two cases mentioned were the representations as to facts of record. In the last case there were representations as to record facts, combined with allegations as to misrepresentations of other facts not of record, and, of course, the demurrer was properly overruled. Even the misrepresentations as to record facts, as there shown, were of a character peculiarly within the knowledge of the seller, and the truth or falsity thereof was not readily ascertainable even by reference to the record by one not skilled in such matters. Here we have, according to both allega-

tions and proof, at most, a general statement that the taxes were an amount certain, without confining the stated fact to any particular year, or any one year, and it is common knowledge that the amount of the tax on real property varies from year to year as fixed and determined by public officials, without notice to or knowledge of the owner, and that the owner, as well as any other person interested, must obtain his knowledge from the public record, which is readily accessible to all. Respondent Kalmans was a business man, presumably familiar with the method of levying and collecting taxes, must have known that, with slight expenditure of time, he could ascertain the true condition as to taxes; and there being no fiduciary relation existing, and no act shown in any way tending to induce him not to do so, we must hold that it was his duty, under the circumstances, to ascertain the truth or falsity of the statements made as to taxes.

The trial court having made no findings as to the other alleged misrepresentations, we have only the cold record from which to determine the facts. A careful reading of that record convinces us that respondents have not sustained the burden of proof as to either. The preponderance of the evidence is to the effect that respondents were informed of the existence of the mortgage before the earnest money was paid, and that they were afforded an opportunity to purchase all of the personal property that they had been told they might buy. Under these conditions, much as the law abhors a forfeiture, the judgment must be reversed.

Reversed with directions to dismiss.

PARKER, C. J., FULLERTON, and MITCHELL, JJ., concur.