# Madole *v.* Miller, Appellant.

*Equity—Deed—Cancellation of deed—Undue influence—Fraud —Trust and trustees—Act of April 22, 1856, P. L. 533—Recording deed—Presumption as to knowledge of contents—Notice—Allegata and probata.*

1. A party is presumed to know the contents of a deed executed by him, but such presumption may be overcome by proof, especially of fraud.

2. To secure an absolute conveyance under the pretense that it was a trust deed for the use and benefit of the grantor, is such a fraud as calls for equitable relief.

3. Where plaintiff, in a bill in equity for the cancellation of a deed, avers fraud, and this is found by the court, the fact that plaintiff also averred incapacity as a result of an injury to her head, which claim is rejected, does not enable defendant to set up, on appeal, that the allegata and probata do not agree.

4. Where a woman occupying a confidential and intimate relation with a sister procures from the latter a deed of her real estate without consideration, and on the pretense that it was a deed of trust for her benefit, puts the deed on record, and thereafter states to the grantor that she was managing the property for her, and using all the income for its upkeep, the grantor is not bound by the five years' limitation in the Act of April 22, 1856, P. L. 533, from filing a bill for the cancellation of the deed.

5. In such case the recording of the deed was not notice of its contents to the grantor.

Argued October 18, 1922.   Appeal, No. 63, Oct. T., 1922, by defendant, from decree of C. P. Allegheny Co., Jan. T., 1921, No. 166, on bill in equity, in case of Jennie S. Mandole v. Olive E. Miller, formerly Olive E. Parker.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill for cancellation of deed.   Before EVANS, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff.   Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Geo. J. Campbell,* with him *Walter S. Lobingier,* for appellant.—The decree was based on grounds not pleaded: Spangler Brewing Co. v. McHenry, 242 Pa. 522; D. & H. Canal Co. v. Coal Co., 21 Pa. 131.

Plaintiff is barred by the Act of April 22, 1856, P. L. 533: Jourdan v. Andrews, 258 Pa. 347; Smith v. Blachley, 198 Pa. 173; Keever v. Kennedy, 66 P. L. J. 532; Taylor v. Coggins, 244 Pa. 228; Scranton Gas & Water Co. v. Lackawanna I. & S. Co., 167 Pa. 136; Doran v. McConlogue, 150 Pa. 98; Barnard v. Kell, 271 Pa. 80.

*Elder W. Marshall,* of *Duff, Marshall & Davis,* with him *Jacob Seligsohn,* for appellee.—The findings were justified by the allegations of the bill and the belief conforms to the case made out by the pleadings.

Under the circumstances of this case, absence of power of revocation alone is sufficient to justify a decree of cancellation: Russell's App., 75 Pa. 269; Miskey's App., 107 Pa. 611; Bristor v. Tasker, 135 Pa. 110; Rick's App., 105 Pa. 528; Roth's Est., 150 Pa. 261; Sturgeon v. Stevens, 186 Pa. 350.

Plaintiff, by the exercise of reasonable diligence, could not have discovered defendant's fraud prior to 1920, as

defendant's acts in collecting the rents and managing the property during that entire period, were the very acts which plaintiff supposed she was authorizing defendant to perform when she executed the paper in question: Clarke v. Trindle, 52 Pa. 492; Williard v. Williard, 56 Pa. 119; Smith v. Tome, 68 Pa. 158; Maul v. Rider, 59 Pa. 167; Olinger v. Shultz, 183 Pa. 469; Dalzell v. Lewis, 252 Pa. 283.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This appeal is from a decree in equity for the cancellation of a deed on the ground of fraud. The case was heard upon bill, answer, replication and testimony, from which the trial court found the controlling facts in substance as follows, viz.: Prior to the transaction complained of, the plaintiff, Jennie S. Madole, was the owner of a lot extending from Sycamore Street to Linden Avenue, in East Pittsburgh, whereon there was a large single house and a double or duplex house. Olive E. Miller, the defendant, is plaintiff's sister and they lived together in the large house for some years prior to 1899, when defendant married a Mr. Parker and thereafter for some years occupied one side of the double house, and in 1904 plaintiff rented out the large house where she had kept boarders and moved to the other side of the double house. Mr. Parker died in 1901 and thereafter, for some time, defendant also kept boarders, but at a later period remarried. For some years, beginning about 1905, plaintiff was in ill health, drank some, and neglected her business affairs to such an extent that in the fall of 1907 a threat was made to foreclose a $2,700 mortgage upon her property, unless certain overdue installments thereon were paid. The two sisters were on terms of friendship and intimacy and, at the urgent request of their mother, joined in by the defendant, it was agreed that the control and management of plaintiff's property, valued at over $8,000, should be placed in the defendant's hands. Ostensibly

for this purpose, plaintiff, on November 23, 1907, at the solicitation of defendant, went with her to the office of the trust company in Pittsburgh, where the mortgage was held, and there plaintiff executed what she understood to be and what the parties had agreed should be, a deed of trust for her property to the defendant for plaintiff's use, but what in reality was a warranty deed for the same to defendant. The deed was not read by nor to plaintiff; this omission on her part was due to the confidence she reposed in her sister and to the fact that she (plaintiff) was suffering from illness and overstimulation. The deed was, however, duly recorded and defendant assumed and has since maintained control of the property. Plaintiff had no independent advice and owing to her condition was easily imposed upon.

The deed and receipt attached thereto recite a paid consideration of $10,000, but, as a matter of fact, no consideration was paid, while plaintiff's equity in the property was worth over $5,000. The title has since stood in defendant's name and the original mortgage, or one given by her to take its place, is still unpaid. Plaintiff continued to reside in a part of the double house for six years after the deed was made and was not called upon by defendant for any rent, nor to vacate the premises. Defendant soon after securing the deed stated to one of the tenants, in effect, that she was managing the property for plaintiff and thereafter made other statements of like import. Plaintiff, from time to time, between the date of the deed (1907) and the filing of this bill (1920), made inquiries of defendant as to the property, and on each occasion was put off with the assertion that it took all the income to keep it up, pay interest on the mortgage, taxes, etc. In those conversations defendant never intimated that she owned the property and plaintiff never understood the instrument she had executed was an absolute deed until so informed by her son in 1920, when she demanded the return of the property and on its refusal filed this bill praying for

cancellation of the deed, etc.   The trial court also found defendant obtained the deed by fraud, which she so concealed by her subsequent conduct that plaintiff's claim was not barred by the Act of 1856, hereinafter referred to and quoted.

Defendant offered testimony in support of her averment that the deed was as the parties intended it and of her denial of any fraud, but we cannot reverse the trial court's findings of facts, when based on sufficient evidence, except for manifest error.   Fraud, to justify setting aside a deed, must be shown by the clear and satisfactory evidence of credible witnesses who distinctly remember and accurately state the facts: Ralston v. Phila. R. T. Co., 267 Pa. 257, 269; Pusic v. Salak et al., 261 Pa. 512, 518, 519, and cases there cited; also Modern Baking Co. v. Orringer, 271 Pa. 152. Here plaintiff's proof, if believed, meets that test (Oxweld Acetylene Co. v. Johnson, 72 Pa. Superior Ct. 404), for her claim is not only supported by her own testimony, but also by that of her father and of her sons. It is also strengthened by the glaring improvidence of the transaction as claimed by defendant; see Pusic v. Salak et al., supra.   That plaintiff, a widow of middle age and in poor health, would intentionally divest herself of what, so far as appears, was her entire estate, without any return whatever, is in the highest degree improbable; while defendant's effort to show some slight consideration was wholly unsatisfactory and properly disregarded by the trial court.   Plaintiff's case is also strengthened by the fact that she had no independent advice; see Russell's Appeal, 75 Pa. 269.   True, a party is presumed to know the contents of a deed executed by him but such presumption may be overcome by proof, especially in case of fraud: Pusic v. Salak et al., supra.   These parties, as above stated, were not only sisters but intimate friends and, in plaintiff's condition when the deed was executed, she should not be punished too severely for failing to discover that fraud

was being practiced upon her. She had a right to rely upon her sister, who was a mere volunteer, and, as no intervening rights are prejudiced, the relief prayed for may properly be granted; see Rick's Appeal, 105 Pa. 528; Miskey's Appeal, 107 Pa. 611; Bristor v. Tasker, 135 Pa. 110; Seichrist's Appeal, 66 Pa. 237; Faust v. Haas, 73 Pa. 295, 301. To secure an absolute conveyance, under the pretense that it was a trust deed for the use and benefit of the grantor, is such a fraud as calls for equitable relief: see Pusic v. Salak et al., supra.

The decree grants plaintiff the relief prayed for and on the ground of fraud, which is averred in the bill and found by the court; hence, we are unable to sustain the very earnest contention of appellant's counsel that the allegata and probata do not agree. Plaintiff is not seeking relief on the ground of her intemperate habits; that feature of the case was largely introduced by defendant. Plaintiff did claim incapacity resulting from an injury to her head, but that was rejected by the trial court.

Appellant contends that plaintiff's claim is barred by sec. 6 of the Act of April 22, 1856, P. L. 533, which is in part as follows, viz.: "No right of entry shall accrue or action be maintained......to enforce any implied or resulting trust as to realty, but within five years after ......such equity or trust accrued, with the right of entry;......Provided, that as to anyone affected with a trust, by reason of his fraud, the said limitation shall begin to run only from the discovery thereof, or when, by reasonable diligence, the party defrauded might have discovered the same." This contention was not sustained by the trial court and cannot be here, although it merits and has received our very careful consideration. The recording of the deed was not notice to plaintiff of its contents (Maul v. Rider, 59 Pa. 167; Meigs v. Tunnicliffe, 214 Pa. 495; Davis v. Monroe, 187 Pa. 212), and the control and management of the property by defendant was carrying out the purpose for which it was

placed in her hands and not notice to plaintiff of an adverse claim; hence, there was nothing to arouse her suspicion or awaken inquiry. In construing the act above quoted in Maul v. Rider, supra, Mr. Justice SHARSWOOD, speaking for the court, says: "The words of the Act of Assembly are not 'when the party defrauded might have discovered the same,' but when 'by reasonable diligence' he might have done so. These words are surely not to be rejected and the act construed as if they were not in it. There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." Moreover, plaintiff was reassured by the affirmative statements made from time to time by defendant, as above stated, that all the income from the property was expended upon its upkeep, etc. These statements and those to the effect that she was managing the property for plaintiff justified the finding of an active concealment of the fraud, which prevented the bar of the Act of 1856. In the language of Mr. Justice MITCHELL, in Smith v. Blachley, 198 Pa. 173, 179: "If the wrongdoer adds to his original fraud, affirmative efforts to divert or mislead or prevent discovery, then he gives to his original act a continuing character by virtue of which he deprives it of the protection of the statute until discovery." To like import is the opinion of this court by Mr. Justice FRAZER, in Dalzell v. Lewis, 252 Pa. 283, 288, and see Gas & Water Co. v. Iron & Coal Co., 167 Pa. 136. We have examined all the assignments of error but find nothing calling for a reversal.

The decree is affirmed and appeal dismissed at the costs of appellant.