## Schleicher v. Hunsicker.

*Practice, C. P.—Appeals from justice—Pleading—Plaintiff's statement—Damages claimed excessive—Verification of pleading—Acts of May 14, 1915, and April 14, 1921.*

1. The Act of April 14, 1921, P. L. 144, amending the Practice Act of May 14, 1915, P. L. 483, so as to include appeals from justices of the peace, and thereby providing for a plaintiff's statement and affidavit of defence on such appeals, will be liberally construed.

2. Unless a party can affirmatively show that he is actually injured or prejudiced by the pleading, or that the preparation of his case for trial is thereby made more difficult, the court will not encourage *in limine* examination of such pleadings, and the strict rules of technical common law pleading will not be applied.

3. A pleading will not be condemned merely because the pleader has claimed more damages than he will be allowed to prove at the trial.

4. In the absence of a rule of court prohibiting an attorney from acting as his client's notary, the verification of pleadings by oath before the attorney-notary is permissible.

Motion to strike off plaintiff's statement. C. P. Lehigh Co., Jan. T., 1922, No. 189.

*William H. Schneller,* for plaintiff; *Robert H. Norgang,* for defendant.

RENO, J., April 2, 1923.—The legislative mandate subjecting appeals to the Court of Common Pleas from judgments of justices of the peace to the provisions of the Practice Act of 1915, is, at best, an unscientific extension of the principles of pleading to proceedings which immemorially have been conducted *ore tenus.* Therefore, we are not disposed to be astute or assiduous in discovering defects in the statements and affidavits of defence. Unless a party can affirmatively show that he is actually injured or prejudiced by the pleading, or that the preparation of his case for trial is thereby made more difficult, we will not encourage *in limine* examination of such pleadings. This disposition does not arise from any desire to shirk the labors incident thereto, but results from an ambition to save parties the expense and delay involved by such procedure. Litigants are entitled to an easy, cheap and effective system of judicature, whereby controversies involving comparatively small amounts may be speedily adjudicated. That system the people provided through constitutional provisions creating the justices' courts, and, although the legislature has now placed an onerous obstacle in the way of the complete realization of that aim, we shall not lend our assistance to thwart it entirely by applying to these pleadings the strict rules of technical common law pleading.

The reasons which support this conclusion would support a like determination concerning motions to strike off pleadings in actions originally instituted here. The Practice Act of 1915 was designed to simplify, not complicate, the process of pleading; and the motion to strike off should be employed only when the form of the pleading under attack is so flagrant a violation of the provisions of the act that an adversary is actually injured and prejudiced thereby. Unless that factor appears, the questions raised by the motion are likely to be merely academic, and, to that extent, tempt litigants to indulge in a vain pursuit of the shadow instead of the substance of their claims. That court best serves the law which, while affording parties every facility for securing even and exact justice, also discourages anything that tends to obstruct and delay its proceeding without promoting the great end of all litigation. However, while we have thus indicated our views upon motions to strike off pleadings generally, the present determination applies only to the pleadings on appeals from justices of the peace.

Schleicher v. Hunsicker.

Judged in this light, the motion before us to strike off plaintiff's statement requires us to say only that, although it seems to specify elements of damages, some items of which, being consequential, are not recoverable in this action, we are not authorized to condemn the pleading merely because the pleader has claimed more damages than he will be allowed to prove at the trial: Scranton Axle Co. v. Scranton Board of Trade, 271 Pa. 6. We have no rule of court prohibiting an attorney from acting as his client's notary, and, in the absence of such rule, verification of pleadings by oath before the attorney-notary is permissible.

Now, April 2, 1923, motion to strike off plaintiff's statement of claim is overruled. Defendant may file affidavit of defence within fifteen days from service hereof.        From James L. Schaadt, Allentown, Pa.