[No. 18139.  *En Banc.*  July 29, 1924.]

E. H. STANTON, *Respondent,* v. ALFRED ST. MICHELL,
*Appellant.*[1]

FRAUD (7)—VENDOR AND PURCHASER (60)—RESCISSION—DUTY TO
INVESTIGATE—MISREPRESENTATION AS TO TAXES DUE.  A misrepresen-
tation as to a present tax encumbrance upon the property sold may
be relied upon by the vendee, though it relates to a matter of public
record.

PLEADINGS (104)—AMENDMENTS—TO CONFORM TO PROOF.  Upon
an issue as to fraud in the trade of property, a reply which does not
very specifically tender a like issue for counter fraud will be
deemed amended to conform to proofs where the trial proceeded
on the theory that both frauds were in issue.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered March 12, 1923,
in favor of the plaintiff, in an action to foreclose a
chattel mortgage, tried to the court.  Affirmed.

*John M. Gleeson,* for appellant.

*Plummer, Zent & Lovell,* for respondent.

PARKER, J.—The plaintiff Stanton commenced this
action in the superior court for Spokane county, seek-
ing foreclosure of a chattel mortgage upon an automo-
bile, executed and delivered to him by the defendant
St. Michell to secure an indebtedness of $276, evidenced
by promissory notes executed at the same time.  Fol-
lowing a trial upon the merits, the court made findings
and awarded judgment of foreclosure as prayed for
by Stanton, from which St. Michell has appealed to
this court.

Immediately prior to the execution of the notes and
mortgage, Stanton was the owner of an automobile in
Spokane county in this state, free from encumbrance.

[1]Reported in 227 Pac. 737.

15—130 WASH.

St. Michell was then the owner of a small dwelling premises, situated in Moscow, Idaho, some eighty miles distant from Spokane, subject to a mortgage securing a principal indebtedness of $600. They entered into negotiations looking to a trade of these properties. They finally agreed to make such a trade by which Stanton was to convey the automobile to St. Michell and St. Michell was to convey the Moscow property to Stanton, subject to the $600 mortgage, and also pay to Stanton $276 by the execution of promissory notes therefor, to be secured by a chattel mortgage upon the automobile. The conveyances, notes and mortgage were executed accordingly, thus consummating the trade. The notes becoming payable and remaining unpaid, this action was commenced by Stanton seeking recovery thereon and foreclosure of the mortgage.

St. Michell set up an affirmative defense, in substance, that Stanton had falsely represented the automobile to be a 1919 model, when in fact it was a 1917 model and worth at least $300 less than it would have been had it been a 1919 model as represented; and claimed to have been damaged thereby in a sum greater than the amount due upon the notes. Stanton denied knowingly making any such misrepresentations, and also affirmatively resisted St. Michell's claim of damages by alleging in substance that St. Michell had falsely misrepresented the Moscow property to be free of all encumbrances save the principal owing upon the $600 mortgage, when in fact the property was encumbered to the extent of $950; and claimed to have been damaged thereby in a sum substantially in excess of any sum which St. Michell may have been damaged by any untrue representation made with reference to the model of the automobile. Each party claims to have relied upon the alleged false misrepresentation made

by the other, and that he was thereby induced to make the trade.

The trial court found:

"That the notes executed and delivered by defendant to plaintiff were the result of a trade between the parties, whereby plaintiff traded to defendant the automobile described in these findings, which was a 1917 model, and which the plaintiff described to be a 1919 model; . . . that the difference in value between the said car and a 1919 model was $300; that the defendant traded a piece of property in the town of Moscow, Idaho, to plaintiff in said transaction and represented said property to be clear of all incumbrances in excess of $600, whereas the incumbrances upon said Moscow property amounted to $950;"

and further found, in substance, that each party relied upon and was misled by the untrue representation of the other and so induced to make the trade; and concluded that the parties were equally at fault with reference to such misrepresentations; and, since Stanton suffered the greater damage thereby, he was entitled to recover upon the note and mortgage, unaffected by any misrepresentations. We have read all of the evidence in the record and deem it sufficient to say that we do not think it preponderates against the findings of the trial court. So far as the merits of the case are concerned, we conclude that the judgment should be affirmed.

It has been suggested that, since the $350 excess encumbrance on the Moscow property over the $600 principal due upon the mortgage thereon consisted largely of taxes, Stanton had no right to rely upon any representation made by St. Michell with reference to any such encumbrance, since encumbrances of that nature must of necessity appear upon the public tax records of the county in which the Moscow property is situated. This suggestion seems to have been made in

reliance upon our decision in *Kalmans v. Powles*, 121 Wash. 203, 209 Pac. 5, wherein there was drawn in question an untrue representation made by a vendor of real property to his vendee that the general taxes upon the property amounted to approximately $290 per year, when in fact they exceeded $540 per year; it being held, under the circumstances shown in that case, that the vendee had no right to rely upon such misrepresentation because of the fact that the public records were open to him showing the amounts of such annual taxes.

That was not in the least a representation touching any present tax encumbrance upon the property, while the representation here in question made by St. Michell to Stanton and found by the trial court, related to a present tax encumbrance upon the property, and to some extent to unpaid interest on the $600 mortgage. Such a representation is, in legal effect in substance, the same as an untrue representation as to ownership of property made by a vendor. No decision has come to our notice holding that, as to such a representation made by a vendor, it may not be relied upon by the vendee, even though it relate to a fact that may be of public record. Our decision in *Crawford v. Armacost*, 85 Wash. 622, 149 Pac. 31, is directly in point in support of this view of the law. In that case, it was held that a representation of the vendor as to a record estimate of a local assessment about to be levied upon the property might be relied upon by the vendee.

Some contention is made in behalf of St. Michell that the question of his making an untrue representation as to the extent of the encumbrances upon the Moscow property was not a matter put in issue by the pleadings in the case. Stanton's reply to St. Michell's affirmative defense based upon Stanton's alleged misrepre-

sentation as to the model of the automobile, does not seem to be very specific in affirmatively tendering a like issue as to St. Michell's alleged misrepresentation touching the extent of the encumbrances upon the Moscow property. However, the record as a whole renders it quite plain that the cause was tried in the superior court upon the theory that both of these questions were in issue; the evidence being introduced accordingly without objections upon the ground that Stanton's claimed misrepresentation made by St. Michell was not in issue. The pleadings must now be deemed sufficient to have brought both of those issues into the case.

We have discussed the case as though the alleged representations made by St. Michell to Stanton with reference to the extent of the encumbrance upon the Moscow property were made by him in person. This is not literally true. They were made by another person who was conducting the negotiations for him and who was his agent for the purpose of making the trade; St. Michell himself having nothing to do with the matter other than executing the conveyance for the Moscow property and the notes and chattel mortgage upon the automobile.

The judgment is affirmed.

FULLERTON, HOLCOMB, TOLMAN, BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.