## Creighan v. Pittsburgh

*Thomas Lewis Jones* and *Dale Cleland,* for plaintiff.

*J. Frank McKenna,* city solicitor, and *John A. Robb,* assistant city solicitor, for defendant.

O'BRIEN, J., December 3, 1953.—This matter is before the court en banc for argument on plaintiff's complaint and defendant's preliminary objection in the form of a demurrer to the complaint.

The facts, briefly stated, are that plaintiff was employed by defendant in the bureau of fire as a fireman, on or about May 11, 1937, and performed his duties as such until February 22, 1949, at which time he became ill. From March 1949, through April 1950, defendant was hospitalized for treatment of tuberculosis and from April 1950, until the present date has undergone treatment at his home and further hospitalization for tuberculosis.

On or about April 19, 1950, plaintiff executed an instrument which states it is his "resignation" from the position of hoseman and ladderman, but also states that said resignation is tendered on the premise that the plaintiff will be "reinstated" when his health has been recovered. The said instrument was accepted and signed by William H. Davis, chief, bureau of fire, and George E. A. Fairley, director, department of public safety, on April 20, 1950. Plaintiff has incorporated a copy of the said instrument in his complaint and marked it exhibit "A".

Plaintiff, in his complaint, pleads that the said instrument was a "leave of absence" and on this basis plaintiff contends that he was a fireman on September 27, 1951, when the Act of September 27, 1951, P. L. 1473, sec. 2, under which he claims, became effective.

In ruling on this demurrer, the court must primarily decide whether or not plaintiff has stated a cause

of action in his complaint, for that is the only question raised in the demurrer. It is necessary, however, in deciding this fundamental question, for the court to consider the argument set forth by defendant in support of his demurrer; namely, that the Act of 1951 is not retrospective in operation and will not permit a claim for illness which occurred in 1949.

In deciding this question it is necessary for the court, at this time, to construe the Act of 1951, and to determine therefrom the intention of the legislature.

By the Act of May 28, 1937, P. L. 1019, art. IV, sec. 56, it is established that no law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

Plaintiff, in his argument, contends that his cause of action is not dependent upon a retrospective application of the Act of 1951. If this contention is found to be correct, it will be unnecessary for the court to decide whether the said act is capable of a retrospective construction.

The Act of September 27, 1951, P. L. 1473, sec. 2, was enacted as an amendment and the benefits, which plaintiff claims, are set forth, for the first time, in the amended portion of the act. Therefore, it is essential to plaintiff's cause of action that his status on September 27, 1951, was that of a person whom the legislature intended to benefit by the act.

From the wording of the Act of 1951, it is obvious that the legislature intended to compensate: (1) Salaried policemen and firemen for, (2) the diseases of the heart and tuberculosis of the respiratory system, contracted or incurred by any such policeman or fireman; (3) after four years of continuous service as such; (4) and caused by extreme overexertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such policeman and fireman.

The question of retrospective application of a statute is concerned with the operation of the statute solely. To extend the benefits of a statute to any person over a period prior to the effective date of the act is to give to it a retrospective application which is prohibited unless clearly and manifestly intended by the legislature. However, to afford the benefits of a statute, from and after its effective date, to one whose status as a beneficiary thereunder had already resulted at such date does not require a retrospective application of the act. It would be absurd to contend that the legislature intended to require that the four years of continuous service must run after the effective date of the Act of 1951 in order to entitle a beneficiary to compensation, and similarly, the legislature could not be deemed to have intended that the contraction of the disease causing the disability must occur after such effective date.

Plaintiff, in paragraph 11 of his complaint, claims accrued salary from April 22, 1949, which date is approximately 29 months prior to the effective date of the Act of 1951. To allow the damages so claimed would clearly result in a retrospective application of the act. However, it is well settled that a mere erroneous claim of the measure of damages in a complaint does not render it subject to demurrer: Suraci v. Ball, 160 Pa. Superior Ct. 349 (1947).

There are allegations in the complaint that plaintiff contracted or incurred tuberculosis as a result of his being subject to extreme overexertion in times of great stress and danger, and exposure to heat, smoke, fumes and gases in the course of his employment as a fireman. It must be noted that the Act of 1951 affords compensation for tuberculosis *of the respiratory system* and plaintiff's ailment is not so characterized in the complaint. However, this is a minor

discrepancy not raised by the demurrer and it is an essential of plaintiff's case which he must prove at trial.

It may reasonably be inferred from the facts pleaded that plaintiff had performed four years of continuous service as a fireman prior to his disability.

The one remaining question in determining the sufficiency of the complaint with regard to the requirements of the statute is, whether or not plaintiff was a fireman on the date when the statute became effective.

Plaintiff avers in the complaint that he was granted a leave of absence from his employment based upon the written instrument dated April 19, 1950, which is attached to the complaint and made a part thereof. This instrument allegedly contains a patent ambiguity in that it uses the words "resignation" and "reinstatement". In his argument plaintiff contends that the court should not sustain the demurrer because this instrument cannot be construed as a matter of law but presents a question of fact to be decided by the jury after the ambiguity has been resolved by the introduction of parol evidence concerning the real meaning of the instrument.

It is well settled that where the use of ambiguous words rendered the meaning of an instrument doubtful, the determination of the true meaning put upon such words by the contracting parties is not a matter of law to be decided by the court: Campagna v. Ziskind, 287 Pa. 403 (1926) ; Schwartz v. Whelan, 295 Pa. 425 (1929). Obviously then, if plaintiff has pleaded the said instrument as granting a leave of absence, it is not within the province of the court to decide otherwise as a matter of law.

Therefore it appears that, viewed in the light of all the considerations set forth herein, plaintiff's complaint does state a cause of action and is sufficient.