## Strollo et ux. v. Domenick et ux.

*Davis & Davis*, for plaintiffs.

*Myers & McDonald*, for defendants.

GRIFFITH, J., July 26, 1955.—Plaintiffs' complaint states a good cause of action. It avers that defendants erected a building on a portion of a private alley which plaintiffs have the right by deed to use in common with defendants.

Defendants filed preliminary objections asking that the complaint be dismissed for the reason that defendants' building has been constructed for eight years prior to the filing of the complaint and that plaintiffs had knowledge of its construction at the time it was being built and failed to complain then or thereafter and are consequently barred by laches from asserting their right of easement.

Defendants' preliminary objections were filed under Pennsylvania R. C. P. 1017 (*b*) (4) and are in the nature of a demurrer. They must be dismissed because they attack neither the form nor substance of the complaint but aver that for certain reasons not appearing in the complaint the action cannot be maintained.

"The demurrer can only reach defects apparent on the face of the record. Evidence cannot be presented upon the hearing on the demurrer nor can the demurrer

aver the existence of any facts not already apparent on the face of the record. If the demurrer avers such facts it is condemned as a 'speaking' demurrer and the adverse party may file a preliminary objection in the nature of a motion to strike the demurrer because it violates rules of practice": 2 Anderson Pa. Civil Practice 333-34.

See also Ditkosky, Admr., v. Schreiber Trucking Co. et al., 82 D. & C. 385, and Wolfson et ux. v. Gicas, 88 D. & C. 145, 151.

Defendants' preliminary objections indicate that their defense is one of laches. In Goodrich-Amram, sec. 1017($b$)-11, it is said: "The defendant may not use a demurrer to raise the defenses of laches. . . ." The case of Suraci v. Ball, 160 Pa. Superior Ct. 349, 354, is cited as authority. In this case the court said that questions relating to laches and damages cannot be decided upon an affidavit of defense raising questions of law.

In Miller v. Johnstown Traction Co., 68 D. & C. 444, we pointed out that under Pennsylvania R. C. P. 1017($b$) (5) certain factual matters such as those raising jurisdictional questions, lack of capacity to sue, lis pendens, or nonjoindure of necessary parties may be raised by preliminary objection. On such matters depositions may be taken: Albany v. Albany, 70 D. & C. 401. When these matters are raised defendants' preliminary objection in effect becomes a complaint creating a new subsidiary issue to be determined prior to the adjudication of the main issues on the merits and it is for this purpose depositions may be taken. All other matters of fact which are not denials of the averments in the complaint should be raised in an answer under "New Matter": Miller v. Johnstown Traction Co., supra.

If defendants in their answer under the heading "New Matter" set forth the facts contained in their

preliminary objections with an endorsement of notice to plead and, if plaintiffs are unable to refute the facts so set forth, defendants may move for judgment on the pleadings under Pennsylvania R. C. P. 1034, thus properly raising the questions which defendants have sought to raise by their preliminary objections.

We, therefore, enter the following

### Decree

And now, July 26, 1955, at 4 p.m. (D. S. T.), after argument and upon due consideration, defendants' preliminary objections are dismissed and defendants are given 20 days within which to answer.