## Byecroft v. Ulisney

*Reilly, Fogwell & Lentz,* for plaintiff.
*William J. C. O'Donnell,* for defendants.

KURTZ, J., March 5, 1962.—In his complaint in assumpsit, plaintiff averred that on a specified date he

entered into a written agreement with defendants for the purchase of a piece of real estate situate in this county at a specified price. He averred further that prior thereto he had inspected the premises in question with the exception of one room of the house. This room was not inspected, it is averred, because defendants told him that it was occupied by their mongoloid child and that "there was nothing unusual about it". Plaintiff further averred that after settlement was made for the premises, he went into occupancy and discovered for the first time that that room was impregnated with uremic acid. He now sues for the cost of renovating the room. By so doing he has elected to sue for damages rather than to rescind the contract. Cf. Highmont Music Corp. v. J. M. Hoffman Co., 397 Pa. 345 (1959).

Defendants have interposed a preliminary objection in the nature of a demurrer which asserts that the complaint fails to set forth a cause of action in that it fails to recite any breach of warranty or contract. Argument was had on the demurrer after which an order, directing that it be overruled, was entered. However, defendants then made a motion for the reargument of the demurrer, which reargument was allowed. We now have the matter before us for disposition.

In our judgment, the demurrer was properly overruled.

A preliminary objection in the nature of a demurrer admits as true the facts set forth in the opposing pleading: International Electronics Co. v. N. S. T. Metal Products Company, Inc., 370 Pa. 213 (1952), Robinson v. Philadelphia, 400 Pa. 80 (1960). In this case, the fact of the agreement, the prior inspection by plaintiff, the failure to inspect the room in question and the representation of defendants are therefore admitted.

A demurrer cannot be used, however, to question the measure of damages of the adverse pleading: Scranton Axle and Spring Co. v. Scranton Board of Trade, 271 Pa. 6 (1921) ; Suraci v. Ball, 160 Pa. Superior Ct. 349 (1947). Therefore, the measure of damages set forth in the instant complaint is not now a matter for inquiry.

Defendants contend that plaintiff "cannot have his cake and eat it too". They say he must either rescind the contract and seek to recover the consideration paid or he must keep the premises as he found them when he went into occupancy. In support of this position, they point to the Restatement, Contracts, §480, which deals with the rescission of contracts induced by fraud or misrepresentation.

We believe that this argument overlooks the proposition that §480 of the Restatement, Contracts, does not undertake to specify the only remedy open to one who has been induced to enter into a contract through fraud. One so defrauded may rescind as that statement of the law provides, or he may sue for damages for the tort which has been perpetrated against him: Restatement, Torts, §546. In the event he does sue for damages, he may waive the tort and sue in assumpsit: Pearsoll v. Chapin, 44 Pa. 9 (1863). This latter course is the one which plaintiff in this case has chosen to pursue. His complaint does aver that he has been damaged as the result of a fraud and misrepresentations of the defendants. By so doing he has set forth a cause of action. It is not necessary that he recite either a breach of warranty or of a contract.

### Order

And now, March 5, 1962, the order heretofore entered on December 26, 1962, overruling defendants' demurrer is hereby affirmed. Defendants are allowed 20 days to file an answer to the complaint.